## PORTER v. BOOTH *et al.*

1. An objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to make it in the court below.

2. It is upon payment of a debt contracted by an agent for the benefit of a pricipal that the right of action accrues in favor of the agent against the principal, and not for some future contingent liability, or payment which the former may be compelled to make.

3. In the absence of an express agreement, the law implies a promise of reimbursement on the part of the principal only when the agent has made some expenditure or payment for the principal in the line of his agency.

(Syllabus by the Court. Argued Nov. 14, 1890. Opinion filed Feb. 7, 1891.)

Appeal from circuit court, Custer county. Hon. JOHN W. NOWLIN, Judge.

Action by plaintiff to recover for services rendered as sheriff to defendants under a warrant of attachment issued out of the circuit court in an action instituted by defendants. Verdict and judgment for plaintiff. Defendants appeal. Reversed and remanded for new trial.

The facts are stated in the opinion.

*James W. Fowler* and *W. O. Temple* (*Martin and Mason of counsel*), for appellants.

The complaint in this case shows on its face that the right to recover is in a third person who is not a party to the action. This defect comes within the objection that "the complaint does not state a cause of action." DeWitt v. Chandler, 11 Abb. 459; People v. Haggin, 57 Cal. 579; Skinner v. Floyd, 2 W. R. 218; Thompson v. Stetson, 17 N. W. 368; Donahue v. Hendrix, 13 N. W. 215; Commissioners v. Kimberlin, 9 N. E. 407; Wil-

son v. Galey, 2 N. E. 736; Walker v. Heller, 3 N. E. 114; Frazer v. State, 7 N. E. 203.

The objection that a complaint does not state facts sufficient to constitute a cause of action is never waived but may be raised at any stage of the proceedings or for the first time on appeal. §§ 4913, 5237, Comp. Laws; Sterling v. Hanson, 1 Cal. 479; Abbe v. Marr, 14 Cal. 210; Choynski v. Cohen, 39 Cal. 501; Rogers v. Shannon, 52 Cal. 100; Harmon v. Ashmead, 60 Cal. 439; Railroad v. Ader, 11 N. E. 437; McDougald v. Graham, 75 N. C. 310; Tucker v. Baker, Id. 1; Galloway v. McLean, 2 Dak. 372; Holt v. Van Epps, 1 Dak. 224; Dole v. Burleigh, Id. 235.

An agent surety or guarantor can only recover against the principal when he has paid something, and then only what he has actually paid. Comp. Laws, §§ 4307, 4308; Mechem on Agency, §§ 652, 653; Brandt on Suretyship, § 176. The allegation that the sum of $243.98 is still due and owing from defendants to plaintiff does not cure the complaint as it is a mere conclusion of law, and tenders no issue. Bliss Code Plead., § 213; Pomeroy's Rem. and Rem. Rights, § 527–531; Myers v. Machado, 6 Abb. Pr. 198; McCure v. Gas Co., 79 Am. Dec. 278; Anderson v. Reed, 5 Id. 661; Irvin v. Bull, 28 Id. 708; Roper v. Clay, 59 Id. 320.

*Buel R. Wood* and *E. H. Flynn* (*Chauncey L. Wood of counsel*), for respondent.

The defects complained of by the appellants are cured by the verdict, the rule in such cases being: "That every reasonable intendment is in favor of the pleading and in aid of the verdict." Donnellan v. Hardy, 57 Ind. 393; Edwards v. Railroad, 74 Mo. 117. Such objections to the pleadings are waived by not making them at the proper time and in the proper mode. Boone Code Plead., § 258; Spence v. Ins. Co., 40 O. St. 517; Green v. City of Kansas, 75 Mo. 672.

BENNETT, J. The plaintiff in his complaint states his cause of action as follows: (1) That, at the times hereinafter mentioned, the defendants above named were co-partners, doing business at Custer City, Dak. T., under the firm name and

style of Booth & Webster. (2) That, at the times hereinafter mentioned, this plaintiff was the duly elected sheriff of the county of Custer, Dak. T. (3) That on the 8th day of May, 1888, plaintiff received a warrant of attachment, duly issued out of this court, and to him directed and delivered, as such sheriff, in an action brought by the above-named defendant co-partnership against the Gold Star Mining Company, a corporation organized under the laws of the State of Michigan, whereby said Benjamin F. Porter, the plaintiff herein, as such sheriff, was commanded to attach and safely keep all the property of the said Gold Star Mining Company, situated in his county. (4) That, by virtue of said warrant of attachment, this plaintiff did on the 8th day of May, 1888, levy on and take into his possession a certain gold quartz mill, and all the machinery and appurtenances thereunto belonging and known as the "Four Mile Mill," which said property was the property of the said Gold Star Mining Company, and was situated in Custer county, Dak. T. (5) Plaintiff further alleges that, at the instance and request of the above-named defendants' attorney, this plaintiff employed one Harvey West to take charge of and look after said property so levied on as aforesaid, agreeing to pay said West the sum of $50 per month for each month that he should be so employed. (6) That the said West remained in charge of said property from the said 8th day of May, 1888, until the 11th day of October, 1888, making in all five months and three days, and amounting in all to the sum of $253.98, due from this plaintiff to the said West on account of said defendant herein, and which said sum of $253.98 this plaintiff now owes to the said West for such services. (7) That no part of said sum of $253.98 has yet been paid, and there is still due and owing from the defendant herein to the plaintiff herein, on account thereof, the sum of $253 98, with interest thereon since the 8th day of May, 1888; that said attachment was on the 22d day of October, 1888 dissolved by this court. Here follows demand for judgment, and verification of complaint. The defendants answered denying the allegations of the complaint generally and specifically. A trial was had upon the issues raised, ver-

dict and judgment for plaintiff, and appeal perfected by defendants. And appellants say there is manifest error on the face of the record in this: *First*, that the complaint does not state a cause of action in favor of the plaintiff, and against the defendants; *second*, that the judgment of the court is contrary to law. In the trial of the cause in the court below, no demurrer or motion in arrest of judgment was made on account of the insufficiency of the complaint to state a cause of action, and it is questioned for the first time, by appeal, in this court. Two questions are presented for our consideration and determination—*First* . Is the objection that the complaint does not state facts sufficient to constitute a cause of action waived by not making it in the court below? *Second.* Does the complaint contain such allegations of fact as show an existing cause of action between the plaintiff and defendants at the time of bringing the suit?

As to the first question. It was conceded upon the argument before this court that the defects of the pleadings which relate to the insufficiency of the complaint to state a cause of action, may be raised at any time, whether in the court of original jurisdiction, or the appellate court. Therefore it is unnecessary to further consider that proposition.

As to the second question. From the allegations of the complaint we find that the respondent was the sheriff of Custer county, and that the appellants caused a warrant of attachment to be sued out of the district court of that county, which warrant was placed in the hands of respondent for service, and that he levied on and took possession of a certain quartz-mill, and all its appurtenances and machinery. After the levy, at the instance and request of appellants' attorney, the respondent employed one Harry West to take charge of and look after the property so levied upon, agreeing to pay said West $50 per month for the time employed, which services amounted to the aggregated sum of $253.98, and that said sum has not been paid, but is still due and owing from appellant to respondent. Do these allegations of fact state a cause of action in favor of

the respondent? We think not. They show that appellants employed West to perform labor and services for them, through the agency of the respondent, and that he has not paid or expended any money on behalf of the appellants by reason of this agency, or that in any manner has this account been assigned or transferred to the respondent so that he has a right of action upon it. The respondent could only recover for services performed as sheriff, or as an agent, or as an assignee. He does not bring his action as sheriff, based upon a statutory right for fees, and as a legitimate expenditure for the performance of duties clearly defined and limited by the statute, but he brings it as a private individual, for an alleged private demand. Consequently, he has no claim against the appellants by reason of any official act performed. Neither is there any allegation that West has ever assigned or sold or transferred this account to him. The basis of his claim, then, must be his personal liability, as an agent of appellants, to West for labor and services performed by said West, as he does not allege that West has ever demanded of him pay for this account, or that he has ever paid him any money or other valuable thing for these services. There is nothing showing that he has ever been damnified in any manner on the account of appellants. It is upon payment of a debt contracted by an agent for the benefit of a principal that the right of action accrues in favor of the agent against the principal, and not for some future contingent liability, or payment which the latter may be compelled to make. In the absence of an express agreement, the law implies a promise of reimbursement on the part of the principal only when the agent has made some expenditure or payment for the principal in the line of his agency. The statute provides that one who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency in any of the following cases, and in no other: *First*, when, with his consent, credit is given him personally in a transaction; *second*, when he enters into a written contract in the name of the principal without believing in good faith that he has authority to do so; or, *third*, when his acts are wrong-

ful in their nature.   Section 4000, Comp.  Laws.   The allegations of this complaint show that none of these conditions exist. His acts were not unlawful.   No written contract was made in the name of the principal, and no allegation that the employment of West was entered into as the servant or employe of respondent.   The allegations impress him with the character  of an agent in the transaction, and, if he recovers at all,  it must be in that capacity.   The facts solemnly alleged are  that respondent acted as the agent of appellants in  the  employment of West as a watchman, and that  respondent  has  never  paid for such employment, nor has an assignment of  the  account been executed to him, nor has any expenditure been  made  by him on behalf of appellants, whereby a right of action accrues to the respondent.   We think the  court  erred  in  rendering judgment upon the complaint, and the case is remanded  for a new trial; all the judges concurring.