LUDWIG FRIESE ET AL., *v.* ALBERT FRIESE.

Opinion filed May 27, 1903.

**Substitution of Parties.**

> Ludwig Friese and Wilhelmina Friese, his wife, made a contract with their son Albert whereby they sold to him all their real and personal property in consideration that he should make certain provisions for their support, pay all their existing debts, and pay them $1,000 in money in certain annual installments; the balance of this $1,000 after their death, to be paid to their sons Frank and Henry. The payment of this $1,000 was to be secured by mortgage on the land conveyed to Albert, but the mortgage was never given. The wife died, and Ludwig became dissatisfied with Albert's treatment of him, left Albert's home, and commenced a suit to enforce the contract. He died soon thereafter. In District Court the sons Frank and Henry were substituted as plaintiffs, as Ludwig's successor in interest. *Held,* that such substitution was without authority of law, for reasons recited in the opinion.

Appeal from District Court, Cass County. *Charles A. Pollock,* J.

Action by Ludwig Friese against Albert Friese. On suggestion of plaintiff's death, Frank Friese and another were substituted as plaintiffs. Judgment for defendant, and they appeal.

Modified.

*J. W. Tilly,* for appellants.

Agreement for the payment of money by grantee to grantor or to one for whose benefit the agreement is made, written into a deed executed and delivered, makes a charge and lien upon the land conveyed therein, to secure such payment. Rev. Codes, 4830. *Cunningham* v. *Moore,* 1 N. B. Eq. 116; *McLean* v. *Smith,* 108 Ala. 533; *Jones* v. *Wolfe,* 42 S. W. 216; *Harrison* v. *Schoff,* 101 Ia. 463, 70 N. W. Rep. 689; *Blackmore* v. *Parks,* 81 Fed. Rep. 899, 54 U. S. App. 123; *Bresco* v. *Consol Min. Co.,* 82 Fed. Rep. 952.

*Benton, Lovell & Holt,* for respondent.

To determine the meaning of an ambiguous contract courts will put themselves in the place of the parties, and construe it in the light of surrounding circumstances, at the time it was made. *Moran* v. *Prather,* 23 Wall. 501, 23 L. Ed. 121; *Fisk* v. *Fisk,* 20 Pick. 500; *Dwelly* v. *Dwelly,* 143 Mass. 509, 10 N. E. Rep. 468; *Norway Plains Savings Bank* v. *Moors,* 134 Mass. 129. The construction that the parties themselves put upon an ambiguous instrument is entitled to great, if not con-

trolling weight, in determining its proper construction. *Chicago* v. *Sheldon,* 9 Wall. 50, L. Ed. book 19, p. 594; *Vermont St. M. E. Church* v. *Bross,* 104 Ill. 206; *Janesville Cotton Mill* v. *Ford,* 52 N. W. Rep. 764; *Ellis* v. *Harrison,* 104 Mo. 270. Parties must express themselves in terms from which their meaning can be determined with a reasonable degree of certainty. *Thompson* v. *Gorton,* 21 At. 371; *Myers* v. *Forbes,* 24 Md. 598. The limits within which a stranger to a contract may sue upon it, are laid down in *Parlin* v. *Hall,* 2 N. D. 477, 52 N. W. Rep. 405. A stranger must be more than incidentally benefitted. Agreement must show that the parties intended to treat him as personally interested. *Austin* v. *Seligman,* 18 Fed. Rep. 522; *Simson* v. *Brown,* 68 N. Y. 355; *Lake Ontario & Shore R.R.* v. *Curtis,* 80 N. Y. 223. Until the beneficiary by such a contract notifies the obligor of his acceptance of the contract, or adopts it by word or act, no rights are vested in him. *Wheat* v. *Rice,* 97 N. Y. 296; *Talbert* v. *Berkshire Life Ins. Company,* 80 Ind. 434; *Brewer* v. *Maurer,* 38 Ohio St. 543; *Crowell* v. *Currie,* 27 N. J. Eq. 152; *Davis* v. *Calloway,* 30 Ind. 112. When the beneficiary did adopt the terms of the contract and so notified obligors, they took subject to equities existing between the principal parties thereto. *Trumble* v. *Strother,* 25 Ohio St. 378; *Miller & Co.* v. *Florer,* 15 Ohio St. 151; *Dunning* v. *Leavitt,* 85 N. Y. 30; *Ellis* v. *Harrison,* 104 Mo. 270. Substituted party takes up the case where original party dropped it, and is entitled to the same benefit and assumes all burdens. *Bowen* v. *National Life Association,* 63 Conn. 460, 27 Atl. 1059; *Brand* v. *Smith,* 99 Mich. 395, 58 N. W. Rep. 363; *National Bank* v. *Stanton,* 116 Mass. 435; *Wise* v. *Collins,* 121 Cal. 147, 53 Pac. Rep. 640; *Wichita, etc., Railroad* v. *Quum,* 57 Kas. 737. Substitution cannot prejudice case as it originally stood. *Fannon* v. *Robinson,* 10 Ia. 272; *Bowen* v. *National Life Association,* 27 Atl. 1059. Findings of lower court come before the appellate court like conclusions of law, and will not be disturbed unless clearly against preponderance of evidence. *Jasper* v. *Hazen,* 4 N. D. 1, 58 N. W. Rep. 454; *Christenson* v. *Farmers' Warehouse Ass'n.,* 5 N. D. 438, 67 N. W. Rep. 300.

MORGAN, J. In 1895 the defendant entered into a contract with his parents, Ludwig Friese and Wilhelmina Friese. Under such contract the parents conveyed to the defendant, Albert Friese, 160 acres of cultivated land, their homestead, and sold to him their personal property. The defendant, on his part, agreed to assume the

payment of all of the then existing debts of the parents, and to make certain provision for their support until their death, and to pay them, and the survivor after one of them died, $1,000, in specified annual sums, or as they or the survivor should need or demand it. When both parents should die, the balance remaining unpaid of the $1,000 should be paid to their sons, Frank and Henry, under the same terms as it was to be paid to the parents. This agreement as to support and other·matters was incorporated in the deed of conveyance from the parents to Albert. This deed was never recorded. Subsequently to the giving of this deed, Albert desired to make a loan on the land to pay off a mortgage thereon, as agreed by him, which was about to become due. He could not make a loan, for the reason that the payment of the $1,000 was made a lien on the land. On his request the parents gave him a warranty deed, without mention of the agreement as to support or payment of the $1,000. At the giving of this warranty deed, Albert agreed to carry out the agreement as formerly made, and to give a second mortgage on the land for the faithful performance of his agreement. This warranty deed was recorded in the register of deeds' office, but this mortgage was never given, or requested to be given. The wife died. The contract was thereafter carried out between Albert and the father until the year 1899, when the father became dissatisfied, and left Albert's home, and lived with another son. Soon after leaving Albert the father commenced an action against him, alleging a violation of his part of the agreement, and demanded judgment against him "for the sum of $1,000 or that defendant be required, ordered, and directed to execute and deliver to plaintiff a mortgage on said described real estate for the security of the payment of said $1,000, in accordance with his said agreement." General relief was also prayed for. Two weeks after this suit was commenced, the plaintiff, Ludwig Friese, died. The suit came to trial, and plaintiff's attorney suggested the death of the plaintiff, and asked that the administrator of his esate be substituted as plaintiff. This request was objected to and denied. Plaintiff's attorney then asked that the sons Frank and Henry be substituted as plaintiffs, which was granted without objection. This action was tried on the merits, and judgment rendered in favor of the defendant. Plaintiffs appeal, and request a review of all the issues, under section 5630, Rev. Codes 1899.

It is now claimed that these plaintiffs, the sons to whom the residue of the $1,000 was to be paid, cannot maintain this action, and

that to substitute them as plaintiffs was without any authority in law. The ground of this contention is that the contract between the parents and Albert Friese did not vest in Frank and Henry Friese any independent interest in the contract, and that, at best, their interest therein was a contingent one, in the nature of a testamentary disposition, and subject to revocation. The $1,000, or the unpaid portion thereof, was at the time of the death of Ludwig Friese a debt due to him from the defendant. The cause of action set forth in the complaint was a cause of action in the father's favor for the recovery of the unpaid portion of that money by him, or for the execution and delivery to him of a mortgage to secure its payment. It was in the nature of an action to compel the specific performance of the contract in his favor. The cause of action so pleaded in the complaint was solely in favor of the plaintiff therein, Ludwig Friese. The cause of action was in reference to personal property—a debt due him from the defendant. The ownership and title of this debt were absolutely that of Ludwig Friese, and the sons Frank and Henry had no title or ownership or lien thereon. This money was an asset of an estate out of which debts and legacies would be payable. Conceding, for the purpose of this appeal only, that Frank and Henry are entitled to this money, because their father intended and willed that they should receive it, are the sons entitled to be substituted as plaintiffs in the suit instituted by their father? In this state, property not disposed of by will passes to the heirs of the intestate, subject to the control of the county court, and to the administrator appointed by that court for the purpose of administration. Section 3741, Rev. Codes 1899. Such property is to be distributed subject to the payment of the debts of the intestate. Section 3742, Id. Under these sections, the administrator or executor has the exclusive right to the personal property for purposes of administration. *Jahns* v. *Nolting,* 29 Cal. 508. "The whole matter of dealing with the estates of deceased persons is one of statutory regulation, and the policy and intent of our statute very clearly contemplate that property of decedents left undisposed of at death * * * shall, for the purposes of ascertaining and protecting the rights of creditors and heirs, and properly transmitting the title of record, be subjected to the process of administration in the probate court." *Estate of Strong,* 119 Cal. 663, 51 Pac. 1078. This indebtedness was the property of the deceased, Ludwig Friese, and the statute prescribes the course to be taken for its proper distribution. It is not permissible, therefore, for

these plaintiffs to disregard the due administration of the estate, and litigate their rights as heirs or legatees in the first instance in any court other than the county or probate court. The estate of Ludwig Friese must first be subjected to the claims of creditors, before any distribution of it can occur, and it is not the policy of the statute to permit any person claiming decedent's property to take possession of it until all debts are paid. *Pritchard* v. *Norwood* (Mass.), 30 N. E. 80; *Flynn* v. *Flynn* (Mass.), 67 N. E. 314. It was claimed in the argument that there are no debts due from the deceased, and that the order in the district court wherein these plaintiffs were substituted as plaintiffs in place of Ludwig Friese was consented to by all his heirs. There has been no judicial adjudication as to the existence of debts, or of such consent, and there can be none, except in pursuance of the modes prescribed by law. This cannot be determined as a collateral issue in a court having no original jurisdiction in settling estates of decedents. As said in Estate of Strong, *supra,* "Indeed there is no other method provided by the statute whereby the existence of creditors or heirs of decedents may be conclusively established." In *Murphy* v. *Hanrahan,* 50 Wis. 485, 7 N. W. 436, it was said: "The kind of proof offered to show that there were no debts against the estate was at least questionable for any purpose, and especially so for the purposes sought. Administration, with the proper notices, and no claims having been presented, would seem to constitute the only satisfactory evidence that there were no claims against the estate."·

It is claimed by the plaintiffs' attorney that Frank and Henry Friese are the real parties in interest and therefore entitled to maintain the action under our statute. We have seen that heirs or devisees, as such, have no right to decedent's property until his debts are paid. The creditors are the first preferred parties in interest, and until satisfied, heirs or legatees have no enforceable interest. *Haynes* v. *Harris,* 33 Iowa 517.

It is further claimed that these plaintiffs are entitled to this property under the theory that the contract in question may be construed as the last will and testament of Ludwig Friese. Conceding that this was a will, for the purposes of this case, the same objection to the enforcement of their claimed rights in this suit is apparent as in cases of suits by the heirs as the parties in interest. The right of legatees to the property does not follow until creditors have been paid. A legatee cannot, under ordinary circumstances, enforce pay-

ment of a legacy by a suit against the debtor of the estate in case the debt has been bequeathed by will to such legatee. *Melms* v. *Pfister,* 59 Wis. 186, 18 N. W. 225; *Trotter* v. *Association,* 9 S. D. 596, 70 N. W. 843. There are exceptions to the above rule, but none of them exist in the present case.

It is urged that there has been a waiver by the defendant, and that he cannot now be heard to raise any objections to these plaintiffs suing as individuals for their individual or personal cause of action. This position is not tenable. Were the defendant the only person interested, there might be a waiver. There are other heirs of Ludwig Friese, as shown by the record, and the defendant's waiver could not affect the rights of other heirs or creditors.

It is also urged that the contract of Ludwig Friese and wife with the defendant was a contract made for the benefit of these substituted plaintiffs, and that they may enforce the contract as one made for their benefit. There is no evidence in this record that the contract was made primarily for the benefit of these two sons. That there was an ultimate though contingent benefit that they might derive therefrom is true, but it is not capable of substantiation at all that the contract was made primarily for their benefit. The case is not therefore, within the principles laid down in *Parlin* v. *Brandenburg,* 2 N. D. 477, 52 N. W. 405, and other like decisions.

It is claimed that this court should now permit the administrator to be substituted as plaintiff, and decide the case upon the merits from the record before us. The record is not in shape to justify such substitution, if it should be conceded that it is a proper case for such substitution, otherwise. The two sons, Frank and Henry, cannot legally maintain the action in its present form, and at its present stage. Whether their rights can be adjudicated in the first instance outside of the county court, we do not intimate any opinion. The district court determined the case on the merits, and gave judgment for the defendant on the merits, which was equivalent to a dismissal of the action, though there was no order of dismissal in terms.

The district court is directed to set aside its judgment, and to direct judgment of dismissal to be entered so far as these two plaintiffs are concerned, as they are not the proper parties to maintain the action in its present form. Such judgment shall be without prejudice to another action or proceeding, in any form or court, so far

as the merits are concerned, or otherwise. The defendant shall recover his costs in both courts. Modified. All concur.