JACOB R. HARSHMAN v. NORTHERN PACIFIC RAILWAY COMPANY.

Opinion filed January 26, 1905.

**Death by Wrongful Act — Recovery.**

1. At common law and independent of statutory authority no right of recovery for the wrongful or negligent injury of another resulting in death exists.

**Parties.**

2. Where a right of recovery is given by statute, and the exercise of that right is committed to particular persons, it cannot be exercised by another person, even though he may be the sole beneficiary.

**Surviving Father of Deceased Minor Not Proper Party Plaintiff.**

3. Section 5976, Rev. Codes 1899, designates three classes of persons who may maintain an action for the wrongful or negligent killing of another. These do not include surviving parents. It is accordingly *held*, that a complaint by a father in an action prosecuted in his own name and right to recover for the death of his minor son does not state a cause of action.

**Failure to Plead Substantial Cause of Action May Be Urged at Any Stage of Case.**

4. Where a complaint wholly fails to set out a substantial cause of action, and cannot be made good by amendment, the objection to its sufficiency may be urged at any stage of the proceedings, and may be considered upon appeal by the court on its own motion.

Appeal from District Court, Barnes county; *Lauder, J.*

Action by Jacob R. Harshman against the Northern Pacific Railway Company. Judgment for plaintiff and defendant appeals.

Reversed.

*Ball, Watson & Maclay,* for appellant.
*Young & Wright,* for respondent.

YOUNG, J. The plaintiff brought this action in his individual capacity and right to recover damages from the defendant for the alleged negligent killing of his son, Walter Harshman, a boy 10 years of age. The complaint alleges, among other things, that the deceased was in good health; that the plaintiff was entitled to his services and earnings until his majority; and that said services and earnings, after deducting the cost of his maintenance, were of the value of $2,000, for which sum he demanded judgment. At the opening of the trial counsel for defendant objected to the introduc-

tion of any evidence, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The objection was overruled. At the close of the testimony defendant moved for a directed verdict upon several grounds, one of them being "that the plaintiff has not shown that he has suffered any legal damage or injury through the death of said Walter Harshman which entitles him to a verdict." This motion was also overruled. Both rulings were excepted to. The jury returned a verdict for $1,500 in plaintiff's favor. The defendant then moved in the alternative for judgment notwithstanding the verdict or for a new trial. The motion was in all respects denied, and this appeal is from the order denying the same.

The view we have taken of this case makes it necessary to consider but one question, and that is whether the complaint states a cause of action in plaintiff's favor. Counsel for defendant contend that it does not, and we fully agree with this contention. It may be said at the outset that whatever right of recovery exists for injuries caused by the negligent killing of another is created by legislative authority only. At common law no such right of recovery existed. This is well settled. "The authorities are so numerous and so uniform on the proposition that by the common law no civil action lies for an injury which results in death that it is impossible to speak of it as a proposition open to question. It has been decided in many cases in the English courts and in many of the state courts, and no deliberate, well-considered decision to the contrary is to be found." Insurance Co. v. Brame, 95 U. S. 754, 24 L. Ed. 580; Carey v. Railway Co., 55 Mass. 475, 48 Am. Dec. 616, and cases cited in note, page 633; also Am. & Eng. Enc. Law (2d Ed.) vol. 8, p. 855, and cases cited.

The statutory provisions upon which the plaintiff's right to maintain this action depends are contained in chapter 36, Code Civ. Proc. (sections 5974-5979, Rev. Codes 1899, inclusive). It is patent upon an inspection of these sections that no cause or right of action is given to a surviving father. Section 5974 declares that those who wrongfully or negligently cause an injury resulting in the death of another are liable notwithstanding the death of the person injured. Section 5975 fixes the measure of their liability by declaring that "in such actions the jury shall give such damages as they think proportionate to the injury resulting from the death to the persons entitled to the recovery." Section 5976, which

designates the persons to whom the right of action is given, reads as follows: "The action shall be brought by the following persons in the order named: 1. The surviving husband or wife,. if any. 2. The surviving children, if any. 3. The personal representative. If any person entitled to bring the action refuses or neglects so to do for a period of thirty days after demand of the person next in order, such person may bring the same." Section 5977. exempts the amount recovered from liability for the debts of the decedent, and provides that "it shall inure to the exclusive benefit.of his heirs at law in such shares as the judge before whom the case is tried shall fix in the order for judgment, and for the purpose of determining such shares the judge may, after the trial, make any investigation which he deems necessary." Section 5978 provides that the action shall not abate by the death of either party. Section 5979 confers the power of making settlement, either before or after suit brought, upon the persons who are entitled to bring the action, and provides that "such compromise shall be binding upon all persons authorized to bring the action or to share in the recovery." It will be observed that the right of action is given to three.classes of persons, and that the plaintiff belongs to neither one of them. We are bound to know, because of the extreme youth of the decedent, that there was no surviving wife or surviving children. The only remaining person, then, who could maintain this action, under the statute, is the personal representative. Statutes similar to this are found in almost all of the states, and it is universally held that only the persons designated in the statute can maintain the action. The reason is self-evident, namely, that the right or cause of action is statutory, and is given only to those whom the statute designates. See Tiffany on Death by Wrongful Act, section 616, and cases cited; also Nash v. Tousley, 28 Minn. 5, 8 N. W. 875; Scheffler v. M. & St. L. Ry. Co. (Minn.) 19 N. W. 656; Major v. B., C. R. & N. Ry. (Iowa) 88 N. W. 815; Killian v. Southern Ry. Co. (N. C.) 38 S. E. 873; McGinnis v. M. C. & F. Ry. Co. (Mo. Sup.) 73 S. W. 586; Fabel v. C., C., C. & St. L. Ry. Co. (Ind. App.) 65 N. E. 929; Woodward v. C. &. N. W. Ry., 21 Wis. 309; Weidner v. Rankin, 26 Ohio St. 522.

It is contended by plaintiff, however, that inasmuch as he is the sole heir, and as such is entitled to any sum which may be lawfully recovered, the verdict which has been returned in his favor, even though he has no right under the statute to maintain the action,

should be sustained. We cannot agree to this contention. Aside from the absence of any legal right to the verdict, we are not permitted to assume that a verdict returned in a different action prosecuted under authority of law would be the same as that which has been returned without legal sanction or right. A similar contention was urged in Usher v. West Jersey R. R. Co., 126 Pa. 206, 17 Atl. 597, 4 L. R. A. 261, 12 Am. St. Rep. 863. In that case a widow sought to recover damages for the death of her husband. The statute of New Jersey, where he was killed, provided that the action "shall be brought by and in the name of the personal representative of such deceased person." It was contended that, inasmuch . as the amount recovered in such action would be for the exclusive benefit of the widow and next of kin, the widow may be allowed to sue for it in her own name. This the court denied, and sustained a nonsuit, saying: "There is no room for latitude of construction. The meaning of the language is plain and unambiguous, and its directions mandatory. It is an established rule that statutory remedies are to be strictly pursued, and we have no right, when the legislature have commanded one form, to say that another will serve the purpose equally well. The lawmaking power has settled the remedy as well as the right, and courts are not authorized to vary or depart from either. Moreover, the distinction made in this statute between the party having the right of action and the ultimate beneficiary is familiar to all common law states, and is of settled importance. * * * In the face of this settled distinction, clearly recognized and commanded by the statute, it would be an act of judicial usurpation to say that the mandate of the statute may be disregarded." We know of no case, and none is cited, where a recovery by one having no right of action has been allowed or sustained over objection upon the ground that the plaintiff would be the beneficiary in an action prosecuted by the person having the right. This was urged in Friese v. Friese, 12 N. D. 82, 95 N. W. 446, and was overruled.

It may be, and probably is, true, as counsel for plaintiff contend, that the defendant's general objection to the introduction of evidence, as well as the ground stated for granting a directed verdict, did not definitely apprise the trial court or opposing counsel of the nature of the objection now being considered; but that does not affect our right to consider it. This is not a case where a cause of action is substantially but defectively stated, and in which the de-

fect could be cured by amendment. The complaint in this case not only does not state a cause of action, but it shows upon its face that it cannot be made to state a cause of action. It is well settled that where a complaint wholly fails to set out a substantial cause of action, and is incapable of being made good by amendment, the objection to its sufficiency may be taken at any stage of the proceedings, even upon appeal and upon the court's own motion. Porter v. Booth, 1 S. D. 558, 47 N. W. 960; Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057; De Witt v. Chander (N. Y.) 11 Abb. Prac. 459; Crosby v. Huston, 1 Tex. 203, 225; Thomas v. Franklin, 42 Neb. 311, 60 N. W. 568. See, also, cases collected, 2 Cent. Dig. Appeal & Error, section 1232.

No amendment can make the present complaint state a cause of action in plaintiff's favor. The only way it can be made to state a cause of action in favor of any one is to substitute the personal representative of the decedent as plaintiff, and that cannot be done under the guise of an amendment, for that would not continue the existing suit except in form, "but would create and institute a new suit or a new question, and in a controversy between different parties." Lower v. Segal, 60 N. J. Law, 99, 36 Atl. 777; Lowell v. Segal (N. J. Sup.) 34 Atl. 945.

This case is not one of defect of parties or of want of legal capacity to sue. It is purely a want of a cause of action. The objection that a complaint does not state a cause of action "calls in question not only the sufficiency of the facts stated in the complaint to constitute a cause of action, but also the right or authority of the particular plaintiff to institute or maintain a suit upon such a cause of action." Frazer v. State (Ind. Sup.) 7 N. E. 203; Tipton County v. Kimberlin (Ind. Sup.) 9 N. E. 407, and cases cited.

It follows that the order appealed from must be reversed, and the action dismissed; and it is so ordered. All concur.