## WILLARD v. MOHN, Administrator of the Estate of Alfred Thorson, Deceased.

(139 N. W. 981.)

**Appeal from justice court — dismissal — insufficient undertaking —proofs of — District court.**

1. The litigant who moves to dismiss an appeal from the justice to the district court upon the grounds that the copy of the undertaking served upon him was incomplete must make formal proof of such fact by affidavit or other proof, and present such proofs to the trial court. In the case at bar, no such proof was made at the time the trial court denied the motion to dismiss, but some four months later affidavits were filed in the district court tending to prove such facts. *Held,* that this court will not consider such affidavits, but will review the action of the district court upon the proofs that were already before it.

**Motion to dismiss appeal — notice of hearing on merits — demurrer — practice.**

2. The respondent at the time of the hearing, upon the motion to dismiss, also served notice "that defendants should take notice that the merits of the law applicable to the specifications of error as enumerated in the notice of appeal may be considered." *Held,* that this was a notice that the merits of the demurrer interposed in the justice court would be considered, if the motion to dismiss the appeal were overruled, and the trial court rightfully tried the issue of law arising upon said demurrer.

**Tort — action for — tort feasor — death of terminates action —issue.**

3. At common law the action for tort died with the tort feasor, and this rule has not been changed by statute in this state. Demurrer interposed in . justice court squarely raised this issue, and the trial court correctly sustained the same without leave to amend.

Opinion filed January 22, 1913.

Appeal from the District Court for Williams County; *Goss,* J. Affirmed.

*William Maloney,* of Wheelock, for appellant.

*Van R. Brown,* of Ray, for respondent.

BURKE, J.,This action is closely related to the case of Willard v. Mohn, post, 390, 139 N. W. 979, the only difference being that the other

action was for the killing of Erma Willard, and was brought by her infant son; the case at bar is brought in justice court by David and Luella Willard, father and mother of Erma Willard, and is for damages to building and furniture and loss of time, upon the occasion of the said killing. The complaint reads as follows: "That on or about, to wit, May 13, 1907, Alfred Thorson, now deceased, of whose estate B. L. Mohn is administrator, went to the house of David Willard, the plaintiff herein, and did unlawfully, and against the will of these plaintiffs, and without their permission, break and destroy and injure the building situated thereon . . . and the furniture therein contained, and thereby caused loss to the plaintiff herein, by such breakage, and loss of time, and expense and repair in the amount of $200." To this complaint the defendant demurred on the ground that the said complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and after trial in justice court, judgment was rendered in favor of the plaintiffs. The appeal was taken from such judgment to the district court of Williams county. While such appeal was pending, the plaintiffs appeared before the said district court and made the following motion: "Plaintiffs appearing especially by their record attorney except to the jurisdiction of the court, and move the court to dismiss the appeal attempted herein, for the reason that the notice of appeal and undertaking on appeal, or either of them, was not filed in the office of the clerk of the district court within the statutory time for filing." This motion was denied. Thereafter, another motion was made by plaintiffs to dismiss said appeal, upon the ground "that said action is irregular upon the calendar, and that the law permitting said action to be tried in the district court has not been complied with, and on account of such irregularities said case should be stricken from the calendar. That the notice of appeal is insufficient to confer jurisdiction upon the district court. That the district court has no jurisdiction of the subject-matters of the appeal, for the reason that no sufficient pleading of defendant has ever been served upon plaintiffs herein. And you are hereby further notified that the merits of the law applicable to the specifications of error as enumerated in the notice of appeal may be considered." This motion was argued April 16, 1909, and was denied by the trial court. At said time the attorney for the plaintiff urged as a

ground for a dismissal of the attempted appeal, and represented to the court to be a fact, that the copy of the undertaking served upon the plaintiff did not have the names of the sureties mentioned in the body of said undertaking, and did not contain any affidavit of the qualifications of said sureties. At said time and place, said attorney for plaintiff produced what purported to be a copy of the undertaking on appeal, and offered same in evidence. However, there was no proof otherwise than the mere statement of the attorney that the copy was the one that had been actually served upon the plaintiffs, and it appeared from the files in the case that the original undertaking on file in the office of the clerk was duly signed and verified by the sureties, as required by law, and contained an admission of service by plaintiff's attorney.

(1) The first question arising for our consideration concerns the correctness of the ruling of the district court in denying the motions of plaintiff to dismiss the appeal. As appears from our statement of facts, no proof was offered to the trial court of any irregularities in the appeal. In fact, the original undertaking which was on file and open to the inspection of the trial court appeared in all things regular. Under those circumstances the trial court had no option but to deny the motions. The litigant presenting a motion to dismiss an appeal must prove, by affidavit or from the face of the records, the irregularities of which he complains. There appears in the files an affidavit of the attorney for plaintiff dated the 10th day of August, 1909, in which an attempt has been made to supply these necessary allegations, and at said date there was also filed a certificate of the clerk of the court of Williams county. However, as those affidavits and certificates were dated and filed some four months after the ruling of the trial court had been made, they could not have been presented to the trial court, and cannot now be considered by this court. We conclude, therefore, that the ruling of the trial court in this particular was correct.

(2) The plaintiffs complain, next, of the ruling of the district court, wherein the demurrer interposed in the justice court was sustained by the district court and the action dismissed. It is their contention that the trial court should have placed the action for trial upon the calendar upon its merits. We think the plaintiff has changed his attitude upon this question since the hearing of April 16, 1909, because at that time

we notice that they "further notified defendants that the merits of the law applicable to the specifications of error as enumerated in the notice of appeal may be considered." We think that upon such motion the trial court had a right, and it was its duty, to consider the merits of the demurrer, and treat the same as a trial upon that issue.

(3) This brings us to a consideration of the correctness of the order of the trial court sustaining the demurrer without leave to amend the complaint. It will be noticed that the cause of action is in tort. At common law the action for tort dies with the death of the tort feasor, and such is still the law in this state.

Section 8161, Rev. Codes 1905, prohibits action for money only against such administrator, excepting as provided in said chapter 6,— and actions in tort are not among the enumerated exceptions. See also Addison, Torts, chap. 20; 1 Cyc. 51, and cases cited. The complaint shows that the action is in tort. The goods were destroyed and did not go to enrich the estate of the tort feasor. The claim, therefore, of plaintiffs that they should have been allowed to amend their complaint to show an implied contract on the tort feasor's part, to pay for the goods destroyed, is without merit. So long as the facts above mentioned are pleaded, the action remains in tort, and comes under the prohibition of the statute. If the amended complaint stated other facts so as to be founded upon contract, it would be such an amendment as would change the cause of action, and would be prohibited as such. Under those circumstances it was the duty of the trial court to end further litigation by dismissing the action.

The other errors assigned have either been waived by the appellants or are governed by the foregoing reasons.

The judgment of the District Court is in all things affirmed.

Goss, J., being disqualified, did not participate in this opinion.