R. M. STANGELAND v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

July 31, 1908.

Nos. 15,710—(216).

**Death by Wrongful Act—North Dakota Statute.**

The statute of North Dakota (Rev. Codes 1905, §§ 7686–7691), construed. *Held*, that the term "heirs at law," as used in section 7689, includes the father of a decedent who leaves no widow nor child, and that an action may be maintained for the benefit of such a father by the personal representative of the deceased; and, further, that the loss, by the death of the son, of the prospect and expectation of the payment of a debt due from the son to the father, is a proper element of damage for the consideration of the jury.

Action in the district court for Hennepin county by the administrator of the estate of Alfred Stangeland, deceased, to recover $5,000 for the death of his son. The case was tried before Brooks, J., and a jury which rendered a verdict in favor of plaintiff for $1,400. From an order vacating the verdict and ordering judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Reversed and remanded, with direction to enter judgment upon the verdict.

*Larrabee & Davies,* for appellant.

*Alfred H. Bright,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Hennepin granting the defendant's motion for judgment notwithstanding the verdict. On May 16, 1907, Alfred Stangeland, while in the employ of the defendant as freight brakeman, was killed in the state of North Dakota by the defendant's alleged negligence. He left him surviving no widow nor child, but did leave the plaintiff herein, his father, as his sole heir, who brought this action, as the administrator of his son's estate, to recover damages on account of the death of his son. The action is based upon a statute of North Dakota. There was

1 Reported in 117 N. W. 386.

a verdict for the plaintiff for $1,400; but the trial court set it aside and ordered judgment for the defendant, on the ground that the statute relied on did not give a cause of action for the benefit of the surviving father in such cases.

1. The question so raised is the first and most important question presented for our decision by the record, and the following provisions of the Revised Codes of North Dakota of 1905 are relevant thereto:

Sec. 5187, subsec. 2. * * * "If the decedent leaves no issue, nor husband, nor wife, the estate must go to the father, and if he is dead to the mother."

"Sec. 7686. When Action for Maintainable. Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation or company which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 7687. Measure of Recovery. In such actions the jury shall give such damages as they think proportionate to the injury resulting from the death to the persons entitled to the recovery.

"Sec. 7688. Who May Bring Action. The action shall be brought by the following persons in the order named:

1. The surviving husband or wife, if any.

2. The surviving children, if any.

3. The personal representative. If any person entitled to bring the action refuses or neglects so to do for a period of thirty days after demand of the person next in order, such person may bring the same.

"Sec. 7689. Recovery Exempt from Decedent's Debts. The amount recovered shall not be liable for the debts of the decedent, but shall inure to the exclusive benefit of his heirs at law in such shares as the judge before whom the case is tried shall fix in the order for judgment, and for the purpose of determining such shares the judge may after the trial make any investigation which he deems necessary.

"Sec. 7690. Action Not Abated by Death. The action shall not

abate by the death of either party to the record. If the plaintiff dies pending the action the person next in order, entitled to bring the action, shall by order of the court be made plaintiff therein.

"Sec. 7691. Compromise of Action. The person entitled to bring the action may compromise the same, or the right thereto, and such compromise shall be binding upon all persons authorized to bring the action or to share in the recovery."

The pivotal question is whether the surviving father of an intestate who leaves no issue nor wife is an heir at law, within the meaning of this term as used in section 7689. It was the contention of the defendant in the court below, and it is renewed here, that the term "heirs at law," as therein used, is limited to the persons specifically mentioned in section 7688; that is, the surviving husband, or wife, or children. This view was adopted by the learned trial judge, but not without some hesitation. The question has never been decided by the supreme court of North Dakota, so far as we are advised, and we must treat it, for the purposes of a decision of this case, as an original one. The state of South Dakota has a statute, in some particulars similar to the one here under consideration, but not in substance identical, which is to the effect that if any person is killed by the wrongful act or neglect of another, "then the widow, heir, or personal representatives of the deceased shall have the right to sue * * * and recover damages for the loss or destruction of the life aforesaid." Section 5499, Comp. Laws S. D. 1887.

In the case of Belding v. Black Hills, 3 S. Dak. 369, 53 N. W. 750, it was held, construing the statute referred to, that the personal representative of the deceased could not maintain the action for the benefit of an heir, or at all, if there was a widow or heir, and that, in any event, the personal representative could only recover the damages sustained by the estate; that the statute does not provide for an apportioning of the amount to be recovered between beneficiaries, but that its purpose is to give to the widow, having in the death of her husband sustained the greater loss, the prior and exclusive right to recover for her own benefit the damages sustained by the death of her husband, and, in case there is no widow, then to give the heirs the same prior and exclusive right to sue and recover such damages as they may have sustained by the death of the deceased. In the case of Lintz v. Holy

Terror, 13 S. D. 489, 83 N. W. 570, the word "heir," as used in the statute construed in Belding v. Black Hills, was construed as meaning "child," and it was held that the mother of a deceased son, who left no widow or child, was not entitled to maintain an action, based upon the statute, to recover damages for the loss of her son. This conclusion would seem logically to follow the provisions of the statute, as construed in the previous case. The same reason for giving to the widow the prior and exclusive right to the cause of action suggests the justice and propriety of giving such right solely to the children of the deceased, in case there is no widow, and clearly indicates that such was the intention of the legislature in enacting the statute, or, as stated in the opinion in the case cited, "expels the idea of an intention to place the bereaved wife and child upon an equal footing with creditors and remote kindred who have sustained no pecuniary loss whatever."

Now, if the provisions of the statute of North Dakota which we are called upon to construe are substantially like those of South Dakota, then the Lintz case is entitled to great, if not controlling, weight, in the absence of any word on the subject from the supreme court of North Dakota; for, if the statutes are alike, substantial justice can be secured only by such a construction. A comparison, however, of the two statutes, will show that their provisions are radically different in several important particulars, and that the reasons which support the Lintz case are not applicable to the North Dakota statute. The South Dakota statute gives absolutely the cause of action, the right to bring it, and the amount recovered to the parties in the order therein named, without any provision for the apportionment of the damages between beneficiaries.

Not so with the statute of North Dakota, which is framed upon broader and juster lines. Section 7686 thereof declares the liability of one who causes the death of another by his wrongful act or neglect, but it does not give the cause of action to any particular person. The next section defines the measure of recovery, and the next one, section 7688, provides who may bring the action and the order in which the right may be exercised, as other statutes provide who shall be entitled to administer the estate of a decedent, and the order in which they may apply; but it does not give the absolute right to the damages

recovered to any of the persons who may and must bring the action. That this is a correct construction of the section is clearly disclosed by section 7689, which declares the plan of the statute and the intention of the legislature in enacting it; for that section provides that the amount recovered "shall inure to the exclusive benefit of his [the decedent's] heirs at law in such shares as the judge before whom the case is tried shall fix in the order for judgment." It is also apparent that whoever brings the action does so in a representative capacity for the exclusive benefit of the heirs at law, in such shares as the trial judge shall determine. See Powell v. Great Northern Ry. Co., 102 Minn. 448, 113 N. W. 1017. The plan and purpose of the statute is further emphasized by the provisions of section 7691, which are to the effect that the person entitled to bring the action may compromise the same, or the right thereto, which shall be binding upon all persons authorized to bring the action or to share in the recovery. The provisions of the two statutes are so different that the Lintz case is not in point.

If our conception of the North Dakota statute be correct, the reasons urged in the brief of counsel why there must be read into the statute, by construction, a limitation of the term "heirs at law," so as to exclude from the benefits of the statute the father or mother of a decedent leaving no widow nor child, are not applicable. No reason occurs to us why this statute should not be construed liberally, with a view to give effect to its purpose, nor why the words thereof should not be given their ordinary meaning. The word "heirs" is one of comprehensive meaning, and when used in a will or statute includes, unless a contrary intent appears from other words used therein, those who by the laws of descent succeed to the property of an intestate. The father, or, if he is dead, the mother, succeeds, by the laws of North Dakota, to the property of a decedent leaving no issue nor surviving spouse. It would be an injustice unnecessarily to construe this statute so as to exclude either father or mother, if the sole heir at law, from the benefits of the action given by it; for many a parent is dependent upon a son, who is sacrificing his hope and ambition for a home and family of his own that he may care for his parent. We accordingly construe the term "heirs at law" in the statute under consideration to include the father of a decedent who leaves no widow nor child, and hold that an action may be maintained, by virtue of the statute, for the

benefit of such a father, by the personal representative of the deceased.

2. It appears from the record that the plaintiff's son and intestate was indebted to him for money advanced, and we have the further question whether the loss by his death of the prospect and expectation of the payment of the debt is a proper element of damage for the consideration of the jury, under the North Dakota statute. We hold that it is. The father's expectation that his son would discharge his pecuniary obligations to him in case he lived was not remote and speculative, but reasonable and probable. The provision of the statute that "the amount recovered shall not be liable for the debts of the decedent" does not affect the question; for the purpose of the prohibition is for the protection of the fund recovered for the benefit of the heirs at law, and not to defeat a recovery for their benefit.

It follows that the order appealed from must be reversed, and the case remanded, with direction to enter judgment upon the verdict. So ordered.