PRIES, Administratrix, Respondent, vs. ASHLAND LIGHT, POWER & STREET RAILWAY COMPANY, imp., Appellant.

*October 27—November 15, 1910.*

*Death caused by wrongful act, etc.: Pleading: Who are entitled to damages: Nonresident aliens.*

1. In an action for death caused by wrongful act, an allegation that decedent "left surviving him his father and mother, . . . who are nonresident aliens, and his sisters," one of whom is the plaintiff, is construed, in connection with other allegations of the complaint, to mean that the sisters and the decedent were residents of this state.

2. Such an allegation negatives the idea that decedent left surviving a widow or children who would be entitled to the damages recoverable for his death.

3. Nonresident aliens not being within the purview of secs. 4255, 4256, Stats. (Laws of 1907, ch. 581), nor entitled to the damages recoverable thereunder, the existence of such aliens does not debar from the right to such damages other surviving relatives, resident in this state, who would not have such right if the aliens were residents.

APPEAL from an order of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

It appears from the complaint in this action that Walter Smith died intestate on April 21, 1909, and that on November 5, 1909, the plaintiff was duly appointed and qualified in the Ashland county court as administratrix of his estate. The complaint alleges that the defendants are domestic corporations conducting their businesses in the city of Ashland. The facts alleged charge the defendants with negligence and that such negligence proximately caused the decedent's death. The complaint states:

"11. That the said Walter Smith left surviving him his father and mother, Carl Schmidt and Bertha Schmidt, who are nonresident aliens, and his sisters, Mrs. Minnie Brooks, and *Ida Pries,* the plaintiff herein.

"12. That the said *Ida Pries,* sister of plaintiff's intestate,

in his lifetime was dependent upon and largely supported by said Walter Smith, and in consequence of his death aforesaid has suffered pecuniary injuries in the sum of ten thousand ($10,000) dollars."

The defendants separately demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The specific objections to the complaint are that the liability created by secs. 4255 and 4256, Stats. (Laws of 1907, ch. 581), and the right to the benefits thereof are not available to the plaintiff for the reasons:

"1. That the complaint does not show any person in being entitled to take, but does show that the persons in being who would be entitled to take are barred from taking because of their being nonresident aliens.

"2. Because the complaint does not negative the idea that a widow or children survived Walter Smith."

The trial court overruled each of the separate demurrers. This is an appeal by the power company from the order overruling its demurrer to the complaint.

For the appellant there was a brief by *Bundy & Wilcox,* and oral argument by *R. P. Wilcox.* They cited *Woodward v. C. & N. W. R. Co.* 23 Wis. 400; *Brown v. C. & N. W. R. Co.* 102 Wis. 137; *Luessen v. Oshkosh E. L. & P. Co.* 109 Wis. 94, 95; *McMillan v. Spider Lake S. M. & L. Co.* 115 Wis. 332, 335; *Quinn v. C., M. & St. P. R. Co.* 141 Wis. 497; *Schmidt v. Menasha W. Co.* 99 Wis. 300; *Rudiger v. C., St. P., M. & O. R. Co.* 94 Wis. 191; *Ean v. C., M. & St. P. R. Co.* 95 Wis. 69, 74.

For the respondent the cause was submitted on the brief of *Gill, Barry & Mahoney.*

SIEBECKER, J. Does the allegation that the decedent "left surviving him his father and mother, . . . who are nonresident aliens, and his sisters, Mrs. Minnie Brooks, and *Ida Pries,* the plaintiff herein," constitute an allegation that the

sisters named are nonresident aliens? To so hold would be
contrary to the evident object of the pleader. The rule is
that language in a pleading must be liberally construed so as-
to give effect to its object and purpose. The language here
used, considered in connection with the other allegations of
the complaint, conveys the idea contended for by the plaintiff,
namely, that the sisters and the decedent were residents of
this state, and it should be so construed.

Does the complaint show that the decedent left no widow or
children surviving him? The allegation that the decedent's
father and mother and two sisters named are the persons who
survive him negatives the idea that other persons of the
classes specified in the statute as entitled to the amount recov-
ered in this kind of actions survived him, and thus makes the
complaint sufficient in this respect.

The principal question presented upon the facts alleged is:
Can plaintiff maintain this action for the benefit of herself
because of the pecuniary loss caused her by the death of her
brother, it appearing that the decedent's father and mother
survive him and are nonresident aliens? In the case of
McMillan v. Spider Lake S. M. & L. Co. 115 Wis. 332, 91
N. W. 979, it was held that the rights created by secs. 4255
and 4256, Stats. (Laws of 1907, ch. 581), were not conferred
on nonresident aliens. The language employed in framing
the statute is general and in its terms is broad enough to in-
clude such aliens, but it was considered that, *prima facie,*
every legislature must be presumed to intend by its enact-
ments to regulate the rights which subsist among the inhabit-
ants of its own country, and not to affect the rights of for-
eigners, unless the contrary be expressed or be implied from
the absolute necessity of the case. The court there approved
the case of *Deni v. Pennsylvania R. Co.* 181 Pa. St. 525, 37
Atl. 558, where it is declared that:

"While it is possible that the language of the statute may
admit of a construction which would include nonresident

alien husbands, widows, children, and parents of the deceased, it is a construction so obviously opposed to the spirit and policy of the statute that we cannot adopt it."

It was therefore held that the context of the statute showed that the legislature intended to embrace within its terms only such persons of the classes named as were residents of this state. This construction is based upon the idea that the law of a country can operate only within its territory, and, *prima facie,* embraces only such persons as are within its jurisdiction. Since such nonresident aliens are not within the purview of the law, it must follow that the legislature did not intend that they should be included within its provisions for the purpose of depriving residents of this state of its beneficial objects. This result is logically embraced in the construction given the statute in the *McMillan Case,* to the effect that it was designed to promote and regulate the interests of the residents of this state. We consider, therefore, that the plaintiff is not debarred from the rights and benefits of the statute by the fact that the decedent left surviving him his nonresident father and mother.

*By the Court.*—Order affirmed.