SPECTOR, Chief Judge.
Clara Council, as guardian of Carla Jean Walker, seeks review of a summary final judgment by which the lower court held that she could not maintain an action for the wrongful death of Carla’s father. Arthur Floyd Walker was killed in an automobile accident involving a car owned by L. T. France and driven by Frances France. Carla’s mother had predeceased Arthur Walker and subsequently he married Hazel Walker. After Arthur’s death, Hazel Walker instituted a suit for wrongful death which was settled. By the settlement, Hazel released all claims individually and as administratrix of the estate of Arthur Walker in exchange for which she received $100,000 for bodily injury and death and $920 damage to the automobile.
The only issue on appeal is whether the guardian of the child can maintain an action for wrongful death of the minor’s father in a case filed after Garner v. Ward, 251 So.2d 252 (Fla.1971), where the father’s widow had settled a case prior to that decision.
Before the Supreme Court’s decision in Garner, supra, the surviving children of a first marriage were left without a remedy for a parent wrongfully killed if a second wife survived. However, the court in Garner held that all persons who suffer loss as a result of the wrongful death and who are entitled to recover are proper parties. Subsequent to Garner, the legislature repealed Section 768.01, 768.02 and 768.03, Florida Statutes, F.S.A., and enacted Section 768.20 and 768.21, Florida Statutes, F. S.A., in order to conform to the Supreme Court’s holding in Garner and which was to become effective July 1, 1972.
In the case at bar, Arthur Walker was killed on May 10, 1970, and a settlement of claims was reached on May 5, 1971, between the second wife and appellee, two months prior to the court’s decision in Garner. The instant action was filed November 29, 1971.
At the time appellees paid $KL,000 to Hazel Walker, it was the well settled law of this State that she was the only one entitled to compensation for the death of Ar *491 thur Walker. It is our opinion that appel-lee having relied on well settled law in making its earlier settlement should not now be required to pay an additional sum because of the intervening court decision. In the Garner case, there had been no final settlement or judgment in that the minors appealed from an order denying their intervention in the wrongful death suit. In the cáse at bar, Hazel Walker released ap-pellees from liability and they rightfully believed that they had fully compensated for the wrong. We believe that they should not be confronted with successive lawsuits brought after statutory changes imposing upon them additional liability.
For the foregoing reasons, the judgment appealed from is affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.