Einar BRODERSON, as Administrator of
the Estate of Debra Boehm,
Deceased, Appellant,

v.

Donald BOEHM et al., Appellees.

Civ. No. 9304.

Supreme Court of North Dakota.

May 12, 1977.

Bjella & Jestrab, Williston, H. F. Gierke, III, Watford City, for appellant; argued by Frank F. Jestrab, Williston.

McIntee & Whisenand, Williston, for appellees Ronald Wold and Milton Wold; argued by Frederick E. Whisenand, Williston.

Pringle & Herigstad, P. C., Minot, for appellee McKenzie County; argued by Mitchell H. Mahoney, Minot.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for appellee Donald Boehm; argued by Allan Schmalenberger, Dickinson.

SAND, Justice.

This is an appeal from an order of the district court, McKenzie County, fifth judicial district.

A collision occurred on a road in McKenzie County on 26 October 1973 between an automobile driven by Pauline Boehm and a pickup truck driven by Ronald Wold. In the car with Pauline Boehm were her daughters, Debra, 12, Kara 7, and Kami, 6. Pauline and Debra Boehm died as a result of injuries suffered in the accident.

An action was commenced by Einar Broderson, as administrator of the estate of Debra Boehm, to recover for Debra's

wrongful death. Those named as defendants were Ronald Wold, driver of the pickup, his father, Milton Wold, who owned the pickup, Donald Boehm, owner of the car driven by Pauline Boehm, and McKenzie County, which designed and maintained the road and operated the ambulance which picked up Debra Boehm following the accident. The complaint alleged that Debra's death, caused by the negligence and carelessness of the defendants, deprived them of her loving care, advice, guidance, comfort, and support, and that as an elder sister she would have assisted them in facing life without their mother. The complaint also alleged a loss on the part of Donald Boehm for funeral expenses incurred as a result of Debra's death. An amendment to the complaint was later allowed, which included allegations of further loss on the part of Donald Boehm by the death of his daughter; specifically, the loss of her assistance in caring for the younger children, preparing meals, performing other household duties, and providing comfort, and future earnings.

At a pretrial conference, defendant McKenzie County requested a ruling in advance on the admissibility of evidence showing damages sustained by the surviving sisters of the decedent. The trial court issued its order ruling that Donald Boehm was the "sole heir at law" and that any evidence pertaining to the losses sustained by the minor sisters of the decedent was inadmissible at trial. We conclude that such order involves the merits of the action and is, therefore, appealable under § 28–27–02(5), NDCC. *See, Northwest Airlines v. State Board of Equalization*, 244 N.W.2d 708 (N.D.1976).

The plaintiff appealed from that order, presenting us with the sole issue of whether or not minor sisters of the decedent, with a surviving parent, are heirs at law within the meaning of the wrongful death statute. We hold that under the circumstances of this case, they are not, and affirm the trial court's order.

This action was brought under the Death by Wrongful Act provisions of Chapter 32–21, North Dakota Century Code. The persons who may bring an action for wrongful death are listed in § 32–21–03, and they must proceed in the following order: surviving husband or wife, if any; surviving children, if any; surviving mother or father; and personal representative. The parties do not allege, nor do we find, any problem with the application of that particular provision to this case. The action was brought by the personal representative of the decedent Debra Boehm. She had no surviving spouse or children, and the trial court held that a demand need not be made on the surviving father, since he was named as a defendant in the action.

The provision which does create problems of application is § 32–21–04, NDCC, which reads:

"The amount recovered shall not be liable for the debts of the decedent, but shall inure to the exclusive benefit of his *heirs at law* in such shares as the judge before whom the case is tried shall fix in the order for judgment, and for the purposes of determining such shares, the judge after the trial may make any investigation which he deems necessary." [Emphasis added.]

This provision was discussed in *Stangeland v. Minneapolis, St. P. & S. S. M. Ry. Co.*, 105 Minn. 224, 117 N.W. 386 (1908), an action based on the North Dakota wrongful death statutes. The Minnesota court said that § 32–21–04, NDCC, made it clear that whoever brings such an action does so in a representative capacity for the exclusive benefit of heirs at law, and that heirs at law were not limited to the persons specifically mentioned in the earlier section (now § 32–21–03), but included those who succeed to the property of an intestate by the laws of descent.

We are satisfied that, as stated in *Stangeland*, "heirs at law" in § 32–21–04, NDCC, is not to be defined merely to include surviving spouse, children, parents, or the personal representative, as listed in § 32–21–03. The two sections are distinct. It is unclear, however, how far the term "heirs at law" may be ultimately extended.

Section 32–21–04 does not contain a definition of the phrase, nor is such a definition to be found anywhere in Chapter 32–21. We are left without an indication as to whether or not the legislature intended that a special meaning be given to "heirs at law" for purposes of a wrongful death action.

Lacking such an expression of intent, we must interpret "heirs at law" in its technical legal sense. The term "heirs," "heirs at law," and "legal heirs" are usually interpreted to be the same although the suffix "at law" is sometimes considered to add an expectant feature in referring to one's status toward an ancestor who is still living, whereas "heir" denotes that the ancestor has already died. *See, In re Fahnestock's Estate*, 384 Ill. 26, 50 N.E.2d 733 (1943), and *In re Ward's Estate*, 162 Misc. 855, 297 N.Y.S. 16 (1936). We interpret the term "heirs at law" in § 32–21–04, NDCC, to be equivalent to "heirs" inasmuch as that section refers to the "decedent" and the chapter itself grants a right of action only when death has resulted.

It is most commonly held that when no contrary intent appears, the word "heirs" is construed to mean those who take under the statutes of descent. *Schaefer v. Merchants National Bank of Cedar Rapids, Iowa*, 160 N.W.2d 318 (Iowa 1968). "Heirs" must be interpreted according to its strict legal import when unexplained and uncontrolled by the context in which it is found to mean persons who would succeed to a decedent's estate by statute in case of intestacy. *In re Baird's Estate*, 135 Cal.App.2d 333, 287 P.2d 365 (1955).

The intestacy statute in effect at the time this action was commenced was § 56–01–04, NDCC, which provided that if the deceased left no issue or spouse the estate would go to the father and mother in equal shares, and if either is dead, to the survivor. Only if no issue, spouse, or parent survived would the estate go to the brothers and sisters in equal shares. The administrator of Debra Boehm's estate argues that the Wrongful Death Act should not be correlated at all with the statutes of intestate succession and that the Wrongful Death Act is motivated by different policies and purposes than the inheritance laws and is wholly self-contained. With this statement we cannot completely agree. It is true that the intestate succession law should not and cannot be incorporated in toto into the Wrongful Death Act; evidence of this is the fact that distribution under the Wrongful Death Act is made "in such shares as the judge before whom the case is tried shall fix in the order for judgment," rather than according to the distribution scheme of the intestacy statutes. But "heirs at law" is a legal term and in its legal sense the phrase deals with inheritance. We must construe technical words and phrases according to the peculiar and appropriate meaning acquired in the law. Section 1–02–03, NDCC. Even if "heirs at law" is not considered to be a technical phrase it must be understood in its ordinary legal sense, as no contrary intention plainly appears in the statute. *See,* § 1–02–02, NDCC.

What we must decide here is to what extent the intestacy statute should be incorporated. Should "heirs at law" include anyone capable of inheriting under any circumstances under the intestacy laws so as to include all classes of persons listed in § 56–01–04 without regard to any sequence, or should it include only those who would actually inherit at the decedent's death?

This court has already held that brothers and sisters are capable of coming within the class "heirs at law" under the wrongful death statute in *Satterberg v. Minneapolis, St. P. & S. S. M. Ry. Co.*, 19 N.D. 38, 121 N.W. 70 (1909). In that case the decedent was a single man who left no spouse, children, or parents living at his death. He did, however, leave surviving four sisters and two brothers, and a wrongful death action was instituted by one of the brothers. The court said that the purpose of the statute was to give a measure of protection to those persons, within a fixed degree of relationship to and a dependency on the deceased, who suffered a loss because of actual injury sustained by them during the wrongful killing of the deceased; that is, "to provide

868

compensation for the injury resulting to heirs at law of the deceased from the death." *Satterberg, supra*, at 71. The court quoted approvingly from *Stangeland, supra*, the Minnesota case which construed the North Dakota wrongful death statute, and concluded by holding that

"We are satisfied that brothers and sisters, *in the absence of parents, wife, or children*, are heirs at law of the deceased within the meaning of the statute in question." [Emphasis added.]

We interpret this case to mean that collateral heirs may recover in a wrongful death action only when, for some reason, there is no recovery by a closer relative (heir).

We are aware of no cases, nor have we been pointed to any by the parties, where collateral heirs recovered in a wrongful death action as "heirs at law" when there were closer relatives surviving unless the closer relatives were disqualified for some reason. In *Swensen v. McDaniel*, 119 F.Supp. 152 (D.C.Nev.1953), it was held that an action could be maintained by or on behalf of a brother of one of the decedents *if* it appeared that the decedent's mother no longer survived. An action was allowed on behalf of brothers and sisters in *Sanders v. Green*, 208 F.Supp. 873 (D.C.S.C.1962), where there were no children or parents of the decedent surviving and where the court found that although the decedent was survived by his wife she had deserted him eight years before his death, and thus was not a widow within the South Carolina wrongful death statute. A woman recovered in *Wilson v. City and County of San Francisco*, 106 Cal.App.2d 440, 235 P.2d 81 (1951), for the death of her brother, a priest, for whom she was also housekeeper, hostess and close companion.

In *Fuchs v. Kansas City Southern Railway Co.*, 132 La. 782, 61 So. 790 (1913), sisters and brothers of the decedent were allowed to recover where the decedent was the oldest boy and head of the family and his parents were dead. An action was allowed on behalf of a sister in *Pries v. Ashland Home Telehpne Co.*, 143 Wis. 606, 128 N.W. 281 (1910), where the decedent left no

spouse or children and his parents were nonresident aliens for whom recovery could not be had.

Collateral heirs are often allowed to recover under wrongful death statutes which allow recovery on behalf of "next of kin", with Minnesota as a prime example. Brothers and sisters recovered in *Martz v. Revier*, 284 Minn. 166, 170 N.W.2d 83 (1969), in spite of the fact that a parent of the deceased was still living. But the court, relying on an earlier Michigan case, held that "next of kin" was not synonymous with the phrase "heirs at law" and that next of kin included any member of a statutory class from which beneficiaries are chosen under the inheritance statutes in the variant circumstances of succession. *Accord, In re Heirs of Larsen*, 237 N.W.2d 371 (Minn.1975); *MacDonald v. Quimby*, 350 Mich. 21, 85 N.W.2d 157 (1957). Because of the difference in statutory language, we do not find those cases persuasive.

 In the instant case, Debra Boehm was survived by her father, Donald Boehm, and although he was named as a defendant in the action no actual negligence on his part was alleged. He was named only by virtue of the family purpose doctrine as owner of the car driven by his wife. The trial court held in memorandum opinion dated 27 January 1976 that imputed negligence under the family purpose doctrine was not a bar to Donald Boehm's right of recovery and that evidence regarding his pecuniary loss from his daughter's death was admissible. The trial judge's ruling on that issue we believe is correct and has not been appealed. It appears to us that Donald Boehm has not been disqualified as a beneficiary in this action and that Debra Boehm's collateral heirs are therefore not entitled to recover.

It is true that North Dakota does not classify wrongful death beneficiaries in the status of preferred and deferred classes. Some states set up separate classes, each of which is exclusive under which the right of action accrues to the preferred class, if any are alive, and if not, the right passes to the class next in line of preference. Over half

the states, including ours, do not use such a classification scheme. *See*, Speiser, Recovery for Wrongful Death 2d, § 10.1 (1975).

But even without such a classification scheme, North Dakota is considered to be among the most liberal of jurisdictions in allowing collateral heirs to recover under any circumstances. Some jurisdictions adopting a narrower construction hold that collateral heirs may never be beneficiaries under the wrongful death statute. For example, in *Blom v. United Airlines, Inc.*, 152 Colo. 486, 382 P.2d 993 (1963), a sister of the decedent was not allowed to maintain an action as an "heir or heirs of the deceased" even though she was wholly dependent on the deceased for support and there was no spouse, children, or parent of the deceased surviving. The language was held to be limited to lineal descendants of the deceased. A death action brought on behalf of the parents and sisters of the deceased was dismissed in *Logan v. Durham*, 231 Miss. 232, 95 So.2d 227 (1957), even though closer relatives were disqualified from recovery. The decedent also was the tort-feasor and her surviving minor child was held in an earlier proceeding as unable to sue his parents in tort; nevertheless, the court held that members of the deferred class could recover only when members of the preferred class did not survive.

In *Bower v. Landa*, 78 Nev. 246, 371 P.2d 657 (1962), an equitably adopted son of the decedent was held to have a right to maintain the wrongful death action superior to the rights of the surviving brothers and sisters. *See also, Ginochio v. San Francisco*, 194 Cal. 159, 228 P. 428 (1924); and *Swensen v. McDaniel*, 119 F.Supp. 152 (D.C.Nev. 1953).

The position taken by this court in *Satterberg*, therefore, appears to be one of considerably broader construction than that found in most jurisdictions in allowing collateral heirs to recover as heirs in certain circumstances. Yet, it is argued by the appellant that this construction is not broad enough and fails to achieve the general purpose of the Wrongful Death Act patterned after Lord Campbell's Act of 1846, which is to provide a remedy whereby the family or relatives of the deceased who might naturally have expected maintenance or assistance from the deceased may recover compensation from the wrongdoer commensurate with the loss sustained. *See*, 25A C.J.S. *Death* § 15.

But just as the statute does not allow non-relatives to recover even though they may suffer pecuniary loss by the decedent's death there must be some limit to the extent to which relatives may recover. We are concerned that if any class of persons named within § 56–01–04, NDCC, could be considered a beneficiary regardless of whether a closer relative or relatives survived, the wrongful death action would become a cumbersome remedy involving skyrocketing judgments with little relationship to the loss suffered by close family members. Potential beneficiaries who would presumably attempt to share in the recovery with closer relatives could include nieces, nephews, grandchildren, and other "next of kin" or "kindred." Such relatives are not necessarily precluded from recovery in every circumstance, but clearly, allowing them all to share in recovery when persons of a closer relationship to the decedent exist who are entitled to recover would spread the wrongful death remedy too thin and far beyond its target area. It would extend the trial beyond a manageable reality and bring about speculation. The problems solved by such expansion of the remedy would be far outweighed by the difficulties created. To so extend the remedy would first require legislation expressing the thought that "heirs at law" in the wrongful death statute means something more or other than what it normally does in a legal sense.

We interpret "heirs at law" in § 32–21–04 to mean those persons who by the laws of descent would succeed to the property of the decedent in case of intestacy, but in addition, that if members of a preferred class are precluded from recovery for reasons other than death those next entitled to inherit may be considered beneficiaries. For example, survival of a parent

who has abandoned the family or who does not fulfill the parental obligations and duties and who therefore is unable to demonstrate pecuniary loss will not prevent a member of the next-entitled class from recovering. Thus, although we make reference to the inheritance statute in interpreting "heirs at law," death is not the only condition which will disqualify a beneficiary. Under this definition, the sisters of Debra Boehm are not "heirs at law" within § 32–21–04, NDCC, because the decedent's father survives her and is not disqualified as beneficiary.

We note that in an amended complaint the losses alleged by the surviving father were expanded to include loss of assistance in caring for the younger children, keeping the house in suitable condition, preparing meals, and performing other household duties, and attempting to fill the void left by the decedent's mother. No doubt the death of his oldest daughter, in addition to the death of the mother, increased the burdens on Donald Boehm regarding the care and attention required by his younger daughters. He must now replace the services of his oldest daughter to the remaining daughters and be both mother and father to them. It therefore follows that evidence of loss by the father will include, for all practical purposes, many of the same items that would have been submitted on behalf of the decedent's surviving sisters. Accordingly, all probative evidence should be admitted to establish this loss.

The order of the trial court holding that direct evidence of pecuniary loss by the decedent's surviving sisters is inadmissible as distinguished from the loss sustained by the father as pertaining to the surviving sisters is affirmed.

ERICKSTAD, C. J., and VOGEL, PEDERSON and PAULSON, JJ., concur.