Kenneth PATTEN and Marian M. Patten, Plaintiffs and Appellants,

v.

Phyllis A. OLSON, Personal Representative of the Estate of Vernon Olson, Deceased, Defendant and Appellee.

Civ. No. 9419.

Supreme Court of North Dakota.

April 13, 1978.

Robert J. Lamont, of McGee, Hankla, Backes & Wheeler, Minot, for plaintiffs and appellants.

John E. Rowell, of Nilles, Hansen, Selbo, Magill & Davies, Fargo, for defendant and appellee.

VOGEL, Justice.

This appeal involves interpretation of North Dakota's Death By Wrongful Act statute, Chapter 32–21.

Pamela Ellen Garland died of injuries incurred in an automobile accident. She was married to Darryl Garland, from whom she had separated. She was living with her parents, the Pattens, the plaintiffs and appellants in the case before us. Her husband's attorney had drawn a complaint for a divorce and asked her to agree to a proposed divorce settlement, but she had refused to do so. The divorce complaint had never been filed in court.

After her death, the adjusters for the insurance company which insured the driver of the other automobile, Vernon Olson, entered into settlement negotiations with the estranged husband and ultimately settled with him for $11,000, after he had satisfied the insurance company that he was the surviving husband of the decedent. The settlement was finally made after the Pattens, the parents of the decedent, had informed the insurance company that they claimed the right to recover under the wrongful-death statute for the death of their daughter, and that any settlement with the husband would be made at the insurance company's risk. The action now before us followed, when the parents sued Olson's estate for damages for the wrongful death of their daughter.

The trial court granted summary judgment in favor of the defendant-appellee (administrator of Olson's estate) on the ground that the settlement by the husband was a final and complete settlement of all claims for damages under the wrongful-death statute, and that the parents had no right of recovery.

Relevant provisions of the wrongful-death statute are:

"32–21–01. When action for death by wrongful act maintainable.—Whenever the death of a person shall be caused by a wrongful act, neglect, or default, and the act, neglect, or default is such as would have entitled the party injured, if death had not ensued, to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation or company which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or of the tortfeasor, and although the death shall have been caused under such circumstances as amount in law to felony."

"32–21–02. Measure of recovery.—In an action brought under the provisions of this chapter, the jury shall give such damages as it finds proportionate to the injury resulting from the death to the persons entitled to the recovery."

"32–21–03. Who may bring action.— The action shall be brought by the following persons in the order named:

"1.  The surviving husband or wife, if any.

"2.  The surviving children, if any.

"3.  The surviving mother or father.

"4.  The personal representative.

"If any person entitled to bring the action refuses or neglects so to do for a period of thirty days after demand of the person next in order, such person may bring the same."

"32–21–04. Recovery exempt from decedent's debts.—The amount recovered shall not be liable for the debts of the decedent, but shall inure to the exclusive benefit of his heirs at law in such shares as the judge before whom the case is tried shall fix in the order for judgment, and for the purpose of determining such shares, the judge after the trial may make any investigation which he deems necessary."

"32–21–06. Compromise of action.— The person entitled to bring the action may compromise the same, or the right thereto, and such compromise shall be binding upon all persons authorized to bring the action or to share in the recovery."

The question before us is whether the district court erred in granting summary judgment, dismissing the action for wrong-

ful death brought by the deceased wife's surviving parents. The court determined that the compromise settlement of the claim of her surviving husband, from whom she was separated, was valid and binding. We affirm.

Both sides agree that the plain language of the statutes quoted above puts a surviving husband or wife in a preferred position to bring or compromise an action for wrongful death of a spouse, that the surviving spouse has the right to compromise the claim or the right to bring the action, and that such compromise is binding upon all other persons authorized to bring the action or to share in the recovery. Therefore, by the plain language of the statute, the husband, so long as there is no divorce, has the right to bring the action or to compromise the claim.

However, the parents assert that this plain language is subject to an implied exception, the exception being that a person holding a preferred position under the statute may disqualify himself to bring the action, and thereby cause the right to bring the action to pass to a person or persons in a less-preferred position. In support of this argument, the parents cite certain language from our recent case of *Broderson v. Boehm*, 253 N.W.2d 864 (N.D.1977).[1]

■ While the language quoted from *Broderson v. Boehm, supra,* was not strictly necessary to the decision, the principle it states is undoubtedly correct. A more definitive example might be given. If, for instance, a husband and father were murdered by the wife and mother, leaving children formerly dependent upon the father destitute, there can be little doubt that the children would be allowed to sue the mother for the wrongful death of the father, even though the mother, by statute, is named as the person entitled in the first instance to sue or settle the claim. This would be true

particularly in a State such as North Dakota where intrafamily tort suits are permitted. Our decision in *Bartholomay v. St. Thomas Lumber Company,* 148 N.W.2d 278 (N.D.1967), also illustrates this principle. A father whose contributory negligence was a cause of his wife's death was precluded from recovery, but the children were allowed to recover in their own right.

■ However, we need not explore the outer limits of the disqualification permitted by our law. In the case presently before us we are satisfied that disqualification does not exist. The deceased was still married to her husband at the time of her death. There had been some tentative overtures toward reconciliation, as well as a tentative overture toward divorce. The husband's attorney had suggested that the wife consent to the divorce, and offered to turn over to her certain government bonds which had been given to her by her parents. She had replied that she wanted additional property, including one of two automobiles. Neither side had mentioned alimony in the correspondence. With the property division between the parties so unsettled, we are satisfied that the husband had at least some "pecuniary prospects" in the continued life of the wife [see *Trautman v. New Rockford-Fessenden Co-op Tr. Assn.,* 181 N.W.2d 754 (N.D.1970)], and therefore had a pecuniary interest in the claim for her wrongful death. Nothing more is required to entitle him to bring the action or to compromise the claim. We are satisfied that the husband was not "disqualified" under the statute from bringing the action or from compromising the claim.

■ We are also satisfied that a spouse who is not disqualified under the statute has an absolute right, in the absence of fraud, to settle a claim for wrongful death.[2] While we have not had occasion to decide a

---

1. " . . . if members of a preferred class are precluded from recovery for reasons other than death those next entitled to inherit may be considered beneficiaries. For example, survival of a parent who has abandoned the family or who does not fulfill the parental obligations and duties and who therefore is unable to demonstrate pecuniary loss will not prevent a member of the next-entitled class from recovering." 253 N.W.2d 864 at 869–870.

2. We presume that such a settlement presupposes an obligation to pay funeral expenses.

case similar to this one, the Federal District Court in this State has. In *Nelson v. Westland Oil Co.,* 96 F.Supp. 656 (D.N.D.1949), the court held that a release by the wife of a decedent was binding upon the children of the parties. This is the majority rule. *Walthers v. Kroll,* 16 Ariz.App. 282, 492 P.2d 1220 (1972); *Council v. France,* 276 So.2d 490 (Fla.App.1973); *Whitley v. Georgia Western and Watkins Motor Lines, Inc.,* 299 F.Supp. 1238 (D.Tenn.1969); *Spencer v. Bradley,* 351 S.W.2d 202 (Mo.1961).

 What we have said disposes of this appeal. As we said in *Broderson v. Boehm, supra,* 253 N.W.2d 864 at 868,

"We interpret this case [*Satterberg v. Minneapolis, St. P. & S. S. M. Ry. Co.,* 19 N.D. 38, 121 N.W. 70 (1909)] to mean that collateral heirs may recover in a wrongful death action only when, for some reason, there is no recovery by a closer relative (heir).

"We are aware of no cases, nor have we been pointed to any by the parties, where collateral heirs recovered in a wrongful death action as 'heirs at law' when there were closer relatives surviving unless the closer relatives were disqualified for some reason."

There is a second reason for affirming the judgment of the district court. Section 32–21–03, N.D.C.C., quoted above, provides that an action may be brought by any one of four categories of persons of whom the first is the surviving husband or wife. It further provides: "If any person entitled to bring the action refuses or neglects so to do for a period of thirty days after demand of the person next in order, such person may bring the same."

The evidence shows that a demand was made by the parents upon the husband to bring the action. The parents brought the action 29 days after the demand was mailed and 26 days after the demand was received at the last-known address of the husband. The receipts in the record indicate that the demand was never received by the husband. Thus the 30-day-notice requirement was not met, and the parents acted prematurely in commencing this action.

It is suggested that the trial court should not have granted summary judgment, because there was a genuine question of fact as to whether the husband had disqualified himself from recovery. We believe there was no such question of fact. Even if we assume that the parties eventually would have been divorced, the undisputed evidence before the court showed that there were unresolved questions of property division between them, and therefore the husband had a continuing pecuniary interest in the life of the wife. The mere pendency of divorce proceedings is not a disqualification. Here, the divorce complaint was neither filed nor served, so there was not even an action pending. The relevant facts were not in dispute, so the question of disqualification is a question of law. It was decided correctly.

Affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.