(120 N. W. 1096.)

---

ARVID SATTERBERG, AS ADMINISTRATOR OF THE ESTATE OF JOHN SATTERBERG, V. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, A CORPORATION.

Opinion filed April 23, 1909.

### Death by Wrongful Act — Who May Sue.

1. Sections 7687, 7688, 7689, Rev. Codes 1905, portions of the statute providing for the recovery of damages for death by wrongful act, are as follows:

"Sec 7687. In such action the jury shall give such damages as they think proportionate to the injury resulting from the death to the persons entitled to the recovery.

"Sec. 7688. The action shall be brought by the following persons in the order named:

"(1) The surviving husband or wife, if any.

"(2) The surviving children, if any.

"(3) The personal representative.

"If any person entitled to bring the action refuses or neglects so to do for a period of thirty days after demand of the person next in order, such person may bring the same.

"Sec. 7689. The amount recovered shall not be liable for the debts of the decedent, but shall inure to the exclusive benefit of his heirs at law in such shares as the judge before whom the case is tried shall fix in the order for judgment, and for the purpose of determining such shares the judge may after the trial make any investigation which he deems necessary."

*Held*, that brothers and sisters of one killed by wrongful act are included in the term "heirs at law," as used in section 7689, when no parent, wife or child survives the person killed.

### Same — Legal Obligation to Support.

2. The provisions of the Code giving a right of action and recovery for damages occasioned by death by wrongful act do not contemplate or require a legal obligation on the part of the deceased toward surviving heirs at law to entitle them to maintain the action or recover for the injury sustained by them through the death of the person of whom they are heirs.

**Same — Expectation of Support.**

> 3. The provisions of the Code referred to, being sections 7686 to 7691, both inclusive, give the right to recover for the death of one killed by wrongful act to such heirs at law of the deceased as are prevented by his death from receiving pecuniary aid, support or benefit which he was either legally obligated to render, or which they were receiving, or had any reasonable expectation of receiving as a duty, or through a recognized sense of obligation.

**Actual Loss of Support.**

> 4. It is the fact of injury within the limits of the statute, rather than the legal obligation of the deceased which governs.

Appeal from District Court, McHenry county; *Goss, J.*

Action by Arvid Satterberg, as administrator of the estate of John Satterberg, deceased, against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company. From an order overruling a demurrer to the complaint, defendant appeals.

Affirmed.

*Alfred H. Bright, Christianson & Weber,* and *Ball, Watson, Young & Hardy,* for appellant.

*G. S. Wooledge* and *Murphy & Wooledge,* for respondent.

By permission a supplementary brief in support of respondent's contention was filed by Heffron & Baird, attorneys for Ely Gullickson, administrator, v. Henry Schaffner, in an action pending in Stark county.

SPALDING, J. This is an appeal from an order overruling appellant's demurrer to respondent's complaint in an action prosecuted by respondent, administrator, to recover damages for the death of John Satterberg, deceased. The complaint alleges that the deceased was killed while riding on one of defendant's passenger trains at Enderlin, N. D., on December 28, 1906, through defendant's negligence; that he was a single man, and left surviving no wife or children, or father or mother, but four sisters and two brothers, the plaintiff, administrator, being one of the brothers; that these six persons are the sole heirs at law of the deceased; that the four maiden sisters lived with the deceased during his lifetime, and were dependent upon him for support, and that one of them was an invalid and wholly dependent upon him. To this complaint, the terms of which we have briefly outlined, the appellant interposed a general demurrer. In the district court this demurrer was overruled, and defendant appeals. The action was brought under the pro-

visions of the statute of this state providing for the maintenance of an action for death by wrongful act. This statute embraces sections 7686-7691, both inclusive, Rev. Codes 1905, and is as follows:

"Sec. 7686. Whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation or company which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 7687. In such actions the jury shall give such damages as they think proportionate to the injury resulting from the death to the persons entitled to the recovery.

"Sec. 7688. The action shall be brought by the following persons in the order named:

"(1) The surviving husband or wife, if any.

"(2) The surviving children, if any.

"(3) The personal representative.

"If any person entitled to bring the action refuses or neglects so to do for a period of thirty days after demand of the person next in order, such person may bring the same.

"Sec. 7698. The amount recovered shall not be liable for the debts of the decedent, but shall inure to the exclusive benefit of his heirs at law in such shares as the judge before whom the case is tried shall fix in the order for judgment, and for the purpose of determining such shares the judge may after the trial make any investigation which he deems necessary.

"Section 7690. The action shall not abate by the death of either party to the record. If the plaintiff dies pending the action, the person next in order, entitled to bring the action, shall by order of the court be made plaintiff therein.

"Sec. 7691. The person entitled to bring the action may compromise the same, or the right thereto, and such compromise shall be binding upon all persons authorized to bring the action or to share in the recovery."

It is contended that the complaint fails to show a right to sue or recover. At common law no right of action for damages for death by wrongful act was given. Harshman v. Northern Pacific

Ry. Co., 14 N. D. 69, 103 N. W. 412, and cases cited. It follows that the right of action, if any exists, is purely statutory, and the facts pleaded in the complaint must be such as to show the right of action under the statute, and it must be prosecuted by one of the persons to whom the statute has given the right to prosecute. Harshman v. Northern Pacific Ry. Co., supra.

The first statute conferring the right to maintain an action of this nature was Lord Campbell's act passed by the British Parliament in 1846 (9 and 10 Vict. c. 93). Similar statutes have been enacted by all the American states. Scarcely any two of these statutes are alike in terms and verbiage. The construction placed upon them by the different courts of last resort are extremely diverse, many resting on the difference in verbiage of the statutes, and many others in apparent conflict. This court has not heretofore passed upon the questions presented in this appeal, and aside from a recent decision by the Supreme Court of Minnesota, to which reference will be made later, we discover no authorities specifically in point. It is conceded by appellant that this is not a survival statute intended to increase the estate of the deceased, but its purpose is to give a measure of protection to those persons within a fixed degree of relationship to and dependency on the deceased because of actual injury sustained by them by reason of the wrongful killing of the deceased, their protector. Stating it somewhat differently, we think the purpose of the statute is to provide compensation for the injury resulting to heirs at law of the deceased from the death. This is the measure of recovery fixed by section 7687, supra.

Appellant contends that the complaint shows upon its face that there are no living persons within the degree of relationship and dependency who can claim a right of recovery under this statute, and specifically for the reason that the statute does not authorize a recovery by sisters and brothers when the deceased leaves no surviving wife or children or parent. The substance of its argument is that the terms "heirs at law" limits the recovery to husband or wife or children. In other words, that the term "his heirs at law," used in section 7689, relates back to the persons qualified by section 7688 to bring the action. It relies largely upon the decisions of the courts of South Dakota, Colorado, Kentucky, and Washington as authority. We shall not take the time to discuss these authorities, or the statutes which they construe, for the reason that the statutes of those states are so dissimilar to the sections of our own Code

referred to that we feel little, if any, analogy exists. From considering our statute as a whole, we are satisfied that the meaning of section 7688 is that, if any husband or wife survives, such survivor may bring the action, but that if none survives, and there is a surviving child, such child, may bring it, but that if legal heirs survive, and no husband or wife or children, or if those named fail to bring the action, the personal representative may bring it. Prior to 1895 the Compiled Laws of 1887 on this subject were in force both in this state and in South Dakota. The decisions of the Supreme Court of South Dakota are constructions of the Compiled Laws referred to. Belding v. Black Hills Railway Co., 3 S. D. 369, 53 N. W. 750; Lintz v. Holy Terror Mining Co., 13 S. D. 489, 83 N. W. 570. That statute differs essentially from the one we are considering. The latter was enacted by the Legislature of this state in 1895, and apparently the Code Commission and the Legislature had in mind the Belding Case, and by the changes made were attempting to obviate the hardships which that statute, as construed by the Supreme Court of South Dakota, might work upon the heirs of one killed by wrongful act. To construe the right to recovery to be limited by the present statute in the same manner that the old one was held to limit it would be to hold that the change made in 1895 was practically meaningless and useless. Since the case at bar was argued the Supreme Court of Minnesota has passed upon our statute in Stangeland v. Minneapolis, St. Paul etc., Railway Co., 105 Minn. 224, 117 N. W. 386. In that case the same argument was made by the defendant that is made here. That court held that the South Dakota statute differed radically from that of our state, and that the reasons supporting the constructions of the South Dakota court were not applicable to the North Dakota statute, and held that the term "heirs at law" included the father of the decedent who left no widow nor children, and that the action might be maintained for the benefit of such a father by the personal representative of the deceased, who in such case brings it in a representative capacity for the exclusive benefit of the heirs at law, in such shares as the trial court shall determine. In answer to some of the contentions of the appellant, we quote briefly from the Minnesota opinion: "The South Dakota statute gives absolutely the cause of action, the right to bring it, the amount recovered, to the parties in the order therein named, without any provision for the apportionment of the damages between beneficiaries. Not so the statute of North Dakota, which is built

upon broader and juster lines. Section 7686 thereof declares the liability of one who causes the death of another by his wrongful act or negligence, but it does not give the cause of action to any particular person. The next section defines the measure of recovery, and the next one, section 7688, provides who may bring the action and the order in which the right may be exercised, as other statutes provide who shall be entitled to administer the estate of a decedent, and the order in which they may apply; but it does not give the absolute right to the damages recovered to any of the persons who may and must bring the action. That this is a correct construction of the section is disclosed by section 7689, which declares the plan of the statute and the intention of the Legislature in enacting it; for that section provides that the amount recovered 'shall inure to the exclusive benefit of his (the decendent's) heirs at law, in such shares as the judge before whom the case is tried shall fix in the order for judgment.' It is also apparent that whoever brings the action does so in a representative capacity for the exclusive benefit of the heirs at law in such shares as the trial judge shall determine. See Powell v. Great Northern Railway Co., 102 Minn. 448, 113 N. W. 1017. The plan and the purpose of the statute is further emphasized by the provisions of section 7691, which are to the effect that the person entitled to bring the action may compromise the same, or the right thereto, which shall be binding upon all persons authorized to bring the action or to share in the recovery." The judge is authorized to investigate and ascertain the relative extent of the injuries of the parties entitled to recover, and to apportion the recovery in accordance with his findings. Applying this power of the judge to this case, it would seem that one's sister, an invalid unable to work, and wholly dependent upon the deceased for support, may be entitled to a larger share of the recovery than able bodied sisters less or only partially dependent upon the deceased. We are satisfied that brothers and sisters, in the absence of parents, wife or children, are heirs at law of the deceased within the meaning of the statute in question.

Appellant's next point is that the recovery is limited to such heirs as the deceased was legally obligated to maintain or support. Some authorities, under statutes somewhat similar to ours, tend to support this contention, but they are in the minority, and in our view of the statute it does not contemplate or require a legal obligation on the part of the deceased toward the survivors to entitle them to maintain the action, or recover. This construction is supported by a great

number of authorities, and, we think, by the better reasoning. In the present state of civilization a moral obligation is almost universally recognized as resting upon individuals to support, or to contribute to the support of, dependent near relatives, and a dependent person who is actually receiving maintenance from a relative, or who has reasonable grounds to expect maintenance or assistance, suffers injury by his death. Of course, the extent of the injury must be determined by the trial court, and the recovery and apportionment based upon such determination. The humane and reasonable construction seems to us to be that the statute applies to heirs at law who are prevented by the death from receiving pecuniary aid, support, or benefit which the deceased was either legally obligated to render, or which they were receiving, or had any reasonable expectation of receiving as a duty, or from a recognized sense of obligation. Louisville, etc. Railway Co. v. Goodykoontz, 119 Ind. 111, 21 N. E. 472, 12 Am. St. Rep. 371. In the case at bar, so far as the pleadings show, the sisters of the deceased were justified in anticipating a continuance of the maintenance they were receiving at and prior to their brother's death. By reason of his death, and the consequent cutting off or lessening of such maintenance or contribution toward their support, they are pecuniarily injured. It is the fact of injury within the limits of the statute, rather than the legal obligation of the deceased, which governs. For authorities sustaining this point, see note to Louisville, etc., Ry. Co. v. Goodykoontz, supra; Grotenkemper et al. v. Harris, 25 Ohio St. 510; Ill. Cent. R. R. v. Barron, 5 Wall, 106, 18 L. Ed. 591; Sutherland on Damages § 373, note 5; Petrie v. C. & G. Railway Co., 29 S. C. 303, 7 S. E. 515; Hall v. Galveston, etc., R. R. (C. C.) 39 Fed. 18; 8 Am. & Eng. Ency. of Law 920, 923; 13 Cyc. 317, 320. That part of the Minnesota case included in the second paragraph of the opinion cited from the Supreme Court of that state is in no way involved in the present instance and we need not consider the suggestion of counsel for appellant relating thereto, except to say that, as we construe the Minnesota authority, the conclusion arrived at in the first paragraph of the opinion in no way depends upon the fact covered by the second paragraph, namely, that the son in that instance was indebted to the father. The court only held that to be an additional basis for recovery.

The order of the district court is affirmed.

MORGAN, C. J., not participating.