WILLARD, Guardian *ad litem* for Alva Vernon Willard, an Infant, v. MOHN, Administrator of the Estate of Alfred Thorson, Deceased.

(139 N. W. 979.)

**Infant — guardian action — infant by guardian ad litem — demurrer — pleadings — amendments — real party.**

1. An action brought under chapter 38, Revised Codes 1905, in favor of an infant, the death of whose mother has been caused by the wrongful act of the defendant, should be brought in the name of the infant by its guardian *ad litem,* and not in the name of the guardian himself. An action so entitled does not state a cause of action in favor of the guardian, and the objection is properly raised by demurrer. The defendant is entitled to have the action brought in the name of the infant in order that an adverse judgment may be pleaded as *res judicata* in any subsequent proceedings. However, where, as in the case at bar, the complaint does show that the action was being brought for the benefit of the infant, and that the entitling of the action resulted from an error of the pleader, the trial court should allow an amendment of the pleadings so as to show that the infant was the real plaintiff. See Perine v. Grand Lodge, A. O. U. W. 48 Minn. 82, 50 N. W. 1022.

**Statutes — common law — right of action — tort — claim against estate — tort feasor.**

2. Chapter 38, Rev. Codes 1905, commonly known as the Lord Campbell's act, is in derogation of the common law, and one who seeks to recover thereunder must point to a plain provision of the statute authorizing his cause of action. Section 7690, Rev. Codes 1905, providing that the action shall not abate upon the death of either party to the action, does not authorize the bringing of an action of wrongful death after the death of the tort feasor. In the case at bar the complaint does not show whether the tort feasor or his victim died first. If the legislature desires to make the action for wrongful death a claim against the estate of the deceased tort feasor, it must do so in plain language.

Opinion filed January 22, 1913.

---

Note.—The authorities on the question of the survival of action for wrongful death upon decease of wrongdoer are collated in a note in 11 L.R.A.(N.S.) 1157, where it is shown that the common-law rule, that a cause of action for a purely personal tort died with the death of either party to the action, applies to actions for wrongful death brought after the death of the tort feasor, except where the rule has been modified by statute.

Appeal from District Court for Williams County; *Goss, J.*
Affirmed.

*William Maloney,* for appellant.

This action, in tort, survives the death of the. tort feasor. Rev.
Codes, Sec. 6789; 13 Current Law, 1245, note 25; Devine v. Healy,
241 Ill. 34, 89 N. E. 251; 21 Enc. Pl. & Pr. 346, note 3.

*Van R. Brown,* for respondent.

Action must be brought in name of real party in interest. Rev.
Codes, § 6407.

Infant must sue in his own name by his guardian *ad litem.* Price
v. Phœnix Mut. L. Ins. Co. 17 Minn. 497, Gil. 473; Perine v. Grand
Lodge, A. O. U. W. 48 Minn. 82, 50 N. W. 1022; Peterson v. Baillif,
52 Minn. 386, 54 N. W. 185.

Action against administrator for personal tort of deceased could not
be maintained at common law. Addison, Torts, chap. XX, Sec. 1315;
Green v. Thompson, 26 Minn. 500, 5 N. W. 376; Stebbins v. Palmer,
1 Pick. 71, 11 Am. Dec. 146; State ex rel. Kelly v. McMaster, 13 N.
D. 58, 99 N. W. 58.

Such an action is prohibited by our statute. Secs. 8160–8164.

BURKE, J. This is an action brought to recover damages for wrong-
ful death under chapter 38, Revised Codes 1905, commonly known
as Lord Campbell's act. The action is entitled "David Willard, Guar-
dian *ad Litem* for Alva Vernon Willard, an Infant, Plaintiff, vs B. L.
Mohn, Administrator of the Estate of Alfred Thorson, Deceased," and
in substance alleges that David Willard, plaintiff herein, as guardian *ad
litem,* is the duly appointed guardian *ad litem* of and for Alva Vernon
Willard, who is an infant of the age of one year. That B. L. Mohn,
the nominal defendant, is the duly appointed and acting administrator
of the estate of Alfred Thorson. That said Alfred Thorson died on
May 13, 1907; that Alva Vernon Willard, the party plaintiff for whose
benefit this action is brought, is the only child born of Erma Willard,
the party for whose wrongful death this action is brought. That on May
13, 1907, Alfred Thorson unlawfully, wilfully, and maliciously shot,
beat, and killed one Erma Willard, the mother of Alva Vernon Willard,
the party plaintiff for whose benefit this action is brought. That said
killing was done in Williams county, North Dakota. That at the time

of her death said Erma Willard was between eighteen and nineteen years of age, in good health and spirits, and unmarried, and that the said Alva Vernon Willard has suffered damages in the premises in the sum of $5,000.

To this complaint a demurrer was interposed upon three grounds. First, that there is a mistake of parties plaintiff; second, that there is a mistake of parties defendant; and, third, that the complaint did not state a cause of action. The demurrer was sustained by the trial court upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and that the defect was incurable; and judgment was ordered upon the pleadings for a dismissal of the action without the privilege of amending said complaint.

It will be noticed that the complaint alleges that both Alfred Thorson and Erma Willard died on the 13th day of May, 1907, but is silent as to which death occurred first.

Chapter 38, being §§ 7686–7691, both inclusive, Rev. Codes 1905, has been set forth in full in the opinion of Satterberg v. Minneapolis, St. P. & S. Ste. M. R. Co. 19 N. D. 38, 121 N. W. 70, and we will not incorporate it in this opinion, excepting to call attention particularly to § 7690, which reads as follows: "The action shall not abate by the death of either party to the record. If the plaintiff dies pending the action, the person next in order, entitled to bring the action, shall by order of the court be made plaintiff therein."

(1) The first question arising upon the record is whether or not the plaintiff has stated a cause of action in his favor. It is pointed out that the title of the action is "David Willard, Guardian *ad litem* for Alva Vernon Willard, Plaintiff," and it is insisted that chapter 38, Rev. Codes 1905, does not authorize an action in favor of the said David Willard, who was the father of the deceased, but that such cause of action, if any exists, is in favor of the infant son of the deceased. This is undoubtedly true, and would justify the sustaining of the demurrer. See Harshman v. Northern P. R. Co. 14 N. D. 69, 103 N. W. 412. The defendant is clearly entitled to have the action brought in the name of the infant, in order that said infant may be estopped by an adverse decision from bringing another action. The title to this action should be "Alva Vernon Willard, by David Willard, His Guardian Ad Litem." However, in this action it appears from the body of the complaint that

the intention was to bring the action in the name of the infant, and that the defect in the title is due to an incorrect use of language by the pleader. For example, in one paragraph of the complaint the following language is used: "Alva Vernon Willard, party plaintiff for whose benefit this action is brought." It thus appears that the pleader intended the action to be brought on behalf of the infant; and we think, under all the circumstances of the case, in order to do justice to the litigants, that an amendment should have been allowed when the error was pointed out. See Perine v. Grand Lodge, A. O. U. W. 40 Minn. 82, 50 N. W. 1022.

(2) The vital question remaining then is whether or not under said chapter 38, Rev. Codes 1905, the cause of action survived the death of Alfred Thorson. As stated in the case of Satterberg v. Minneapolis, St. P. & S. Ste. M. R. Co., the several states have, in adopting Lord Campbell's act, made such material changes in the language that decisions from other states are of little value in the construction of our statute. Several broad principles of law, however, seem to have received the sanction of all the courts. At common law any cause of action in tort died with the death of either party. The original Lord Campbell's act (9 & 10 Vict. chap. 93) gave to certain enumerated surviving heirs a cause of action against the tort feasor, but made no provision for continuing such cause of action against his personal representatives after his death. The several American states in enacting this legislation seem to have adopted a similar course, and under the holdings of these courts the cause of action given by the said act died with the tort feasor. In reaching this conclusion they have given as reasons that "statutes in derogation of the common law are to be strictly construed; and one who seeks to maintain an action which was within the prohibition of the common law must be able to point to a statute which, in plain and explicit terms, authorizes the action to be maintained." Those various cases are enumerated and explained in the case of Bates v. Sylvester, 205 Mo. 493, 11 L.R.A.(N.S.) 1157, 120 Am. St. Rep. 761, 104 S. W. 73, 12 Ann. Cas. 457. It will be found from an examination of such authorities that, with one or two exceptions, and those in states having statutes of great explicitness authorizing the action, the cause of action does not survive. The rule is stated in 13 Cyc. 328, as follows: "The better rule seems to be that where a statute gives

a right of action for death by wrongful act, such action abates upon the death of defendant therein. In several cases, however, it has been held that an action for death by wrongful act survives against the personal representatives of defendant when he dies pending the action." An examination of the cases cited as supporting the minority rule shows statutes unlike ours in that they provide in positive terms that the cause of action shall survive the death of the defendant, and making provision for payment from the estate of the deceased tort feasor. This brings us down to the consideration of our own statute, and particularly § 7690, which states that the action shall not abate by the death of either party to the record. This language might, upon a superficial reading, be taken to mean that the *cause of action* might survive against the personal representatives of the deceased tort feasor or against his estate, but upon more careful consideration this will be found untenable. In the first place the statute provides only that *"the action* shall not abate." In this case no action has been commenced. If the legislature had meant cause of action as well as action, they should have so stated. Again, no provision is made in our statute for the presentation of a claim against the estate, nor provision made for its allowance or rejection, nor any provision made for the payment of any amount recoverable. Indeed, §§ 8160–8161, Rev. Codes 1905, seems to prohibit any such recovery, § 8161 reading: "No action for the recovery of money only shall be brought in any of the courts in this state against any executor, administrator, or guardian, upon any claim or demand which may be presented to the county court, except as provided in this chapter." And the chapter contains no provision whatever for claims such as the one presented by the plaintiff herein. In this case, as we have already noticed, the complaint does not show whether the tort feasor Thorson, or his victim, died first. If Thorson died first, there was no cause of action for wrongful death to survive him, because his victim was still living at the time of his death.

In view of the well-settled rule that actions in derogation of common law must be amply authorized by statute, we are obliged to hold that the language of § 7690 does not clearly authorize the plaintiff's suit herein. If the legislature desires the cause of action to become a claim against the estate of the deceased tort feasor, they can readily enact legislation so providing.

The decision of the trial court sustaining the demurrer without leave to amend, was correct, and is accordingly affirmed.

Goss, J., being disqualified, did not participate in this opinion.