PAUL VALLATI ET AL. *v.* THOMAS GNIAZDOWSKI ET AL.

SUPERIOR COURT  NEW HAVEN COUNTY  FILE NO. 137812
AT NEW HAVEN

Memorandum filed June 26, 1974

*Albom & Braffman,* of New Haven, for the plaintiffs.

*Bai, Pollock & Dunnigan,* of Bridgeport, appeared specially for the defendants.

Testo, J. The plaintiff Alphonse Vallati seeks to recover for personal injuries sustained by his injured stepson. The defendants demur on the ground that that plaintiff has no cause of action, since he is not a natural parent.

The issue presented is whether a cause of action of this nature can arise in favor of a stepparent. In several cases which involved public assistance or wrongful death, courts have held that statutes giving causes of actions to parents did not extend to stepparents, unless the legislature expressly intended them to. *Niosi* v. *Aiello,* 69 A.2d 57 (D.C. Mun. App.); *Kelley* v. *Iowa Department of Social Services,* 197 N.W.2d 192, 197 (Iowa); *Boudreaux* v. *Texas & N.O.R. Co.,* 78 S.W.2d 641 (Tex. Civ. App.). Unless there is a clear intent to the contrary, the "acceptance of the term 'parent' does not include 'stepfather.'" *In re Bishop,* 26 F.2d 148, 149.

The cases cited by the defendants are not controlling because they involve situations where there was a clear legislative intent to confer certain rights on stepparents as well as parents.

The word "parent," used in its ordinary and usual sense, means one who begets or brings forth an offspring. This denotes consanguinity rather than affinity. *Nunn* v. *Nunn,* 81 N.M. 746, 748.

The court finds that the ordinary and usual definition of "parents" must control in this case and that the plaintiff has no cause of action.

The demurrer is sustained.