2008 ND 147

**Darla WEIGEL, Melody Frieson, Diana Seney and Lorna Strand, Plaintiffs and Appellants**

v.

**Lane LEE, D.O. and Trinity Health, Defendants and Appellees.**

No. 20070296.

Supreme Court of North Dakota.

July 21, 2008.

Richard H. McGee II (argued), McGee, Hankla, Backes & Dobrovolny, Minot, ND, and Lee R. Bissonette (on brief), Hellmuth & Johnson, PLLC, Eden Prairie, MN, for plaintiffs and appellants.

Randall S. Hanson (argued) and Donna M. Smith (appeared), Camrud, Maddock, Olson & Larson, Ltd., Grand Forks, ND, for defendants and appellees.

CROTHERS, Justice.

[¶1] Darla Weigel, Melody Frieson, Diana Seney and Lorna Strand (collectively "the Weigels") appeal from the district court's judgment for dismissal of their wrongful death claims against Dr. Lane Lee and Trinity Hospital (collectively "Lee"). The Weigels argue the district court misconstrued the wrongful death statutes. We conclude a decedent's children are able to seek recovery of non-economic damages in a wrongful death action and therefore this case was improperly dismissed. We reverse and remand.

I

[¶2] On May 6, 2004, Darlyne Rogers arrived at the emergency room of St. Luke's Hospital in Crosby, North Dakota, complaining of abdominal pain, nausea and

vomiting. X-rays revealed Rogers suffered from pneumonia and a bowel obstruction. A doctor at St. Luke's Hospital contacted Dr. Lane Lee who agreed to treat Rogers. Rogers was transferred as Lee's patient to Trinity Hospital in Minot. Rogers, despite being critically ill, was admitted to a room on the "regular" floor of the hospital. Three and one-half hours later, Rogers began vomiting bodily waste and aspirating it into her lungs. Rogers ultimately died.

[¶ 3] Rogers' adult children, the Weigels, brought a suit on their own behalf against Lee and Trinity Hospital, alleging negligence. The complaint stated,

"This is an action to recover damages for the wrongful death of Darlyne Rogers ... pursuant to N.D.C.C. Chapter 32–21.... [T]he Plaintiffs have sustained injuries and damages, both economic and non-economic.... The Plaintiffs have sustained mental and emotional anguish as a result of the Defendants' negligence and their mother's death. Furthermore, the Plaintiffs have been denied the society, comfort, counsel and companionship of Darlyne Rogers."

The Weigels' case was tried to a jury. After testimony concluded on April 7, 2006, the parties disagreed over jury instructions, leading the district court to examine *Butz v. World Wide, Inc.*, 492 N.W.2d 88 (N.D.1992). The district court determined that under *Butz*, children do not have a cause of action for loss of parental consortium. The district court announced its intention to dismiss the Weigels' loss of consortium claim. Because the Weigels could not prove economic damages, and because the court was persuaded the remaining mental and emotional anguish claim was inseparable from the loss of consortium claim, the court dismissed the entire case and discharged the jury.

[¶ 4] In its written order dated April 21, 2006, the district court reconsidered its opinion, instead deciding sufficient evidence existed for the case to have gone to the jury on the mental and emotional anguish claim under N.D.C.C. ch. 32–21 and N.D.C.C. § 32–03.2–04. Thus, the district court determined the Weigels were entitled to a new trial.

[¶ 5] On September 6, 2006, the district court granted the Weigels' motion for a new trial. However, the order stated the reasoning in the April 21, 2006 order was flawed. The court wrote, "Rather than allowing the jury to consider awarding damages for mental anguish/emotional distress allegedly sustained by the *surviving children* of the decedent ... the jury should instead be allowed to consider awarding compensation for non-economic damages—such as, pain, suffering, mental anguish, emotional distress or humiliation—allegedly sustained by the *decedent herself,* prior to her death.... Otherwise stated, Darlyne Rogers' surviving heirs ... 'step into her shoes' in terms of the cause of action available against the Defendants in this matter."

[¶ 6] On January 18, 2007, the Weigels filed a Motion for Reconsideration of Order, arguing the district court misconstrued the wrongful death statute. On April 24, 2007, the court reaffirmed the order for a new trial, commenting that much of the court's and counsel's confusion was due to a failure to distinguish between a wrongful death action under N.D.C.C. § 32–21–01 and a survival action under N.D.C.C. § 28–01–26.1. Ultimately, the court determined *Butz* is dispositive and children are not entitled to non-economic damages on their own behalf for the death of a parent.

[¶ 7] On May 2, 2007, the Weigels informed the court they sought only non-economic damages resulting from Rogers'

death. Lee moved to dismiss, and because the Weigels sought only a remedy the court previously determined improper, Lee's motion was granted on May 31, 2007. The Weigels appeal the judgment of dismissal, contending the district court's interpretation of the wrongful death act is erroneous. We agree.

## II

[¶ 8] "Statutory interpretation is a question of law, fully reviewable on appeal." *Chamley v. Khokha*, 2007 ND 69, ¶ 12, 730 N.W.2d 864.

[¶ 9] The district court erred by blending three distinct claims for tortious conduct. At various points in its orders, the district court discussed (1) loss of consortium claims arising out of personal injury actions, (2) survival actions and (3) wrongful death actions. This Court and North Dakota's statutes distinguish between these three claims, as we explain below.

[¶ 10] First, English common law recognized an action for loss of consortium arising out of tortious conduct that resulted in *personal injury*. *Hastings v. James River Aerie No. 2337*, 246 N.W.2d 747, 749 (N.D.1976). Historically, "a husband's right to recover for the loss of his wife's consortium was considered a property right" with a loss of consortium being defined as "love, companionship, affection, society, comfort, solace, support, sexual relations, and services." *Id.* at 749–50. Under this original approach, "only a husband could recover for the loss of [his wife's] consortium." *Id.* at 751. The contemporary interpretation of this common law concept includes recovery for wives as well as for husbands. *Id.* In *Hastings*, this Court acknowledged both spouses' right to recover for loss of consortium, but refused to extend this type of recovery to children who suffer the loss of a parent's consortium. *Id.* at 753. Nonetheless, this is not the basis of the Weigels' action, and as this

Court importantly clarified in *Hastings*, the inability of children to recover for loss of consortium arising out of personal injury to a parent "should not be construed to prohibit recovery where a parent dies and recovery is allowed under the Wrongful Death Act." *Id.*

[¶ 11] The distinction between loss of consortium in personal injury and in wrongful death actions is important here because Lee argues this Court's decision in *Butz* indicates a decedent's children are not entitled to damages in a wrongful death action. Lee misapplies *Butz*. *Butz* was not a claim under the wrongful death act because the tortious conduct resulted in severe injury, not in death. *Id.* at 88. This Court acknowledged the loss of consortium claim made in *Butz* was like that made in *Hastings*, arising out of the common law. *See Butz*, at 92. Because *Butz* does not address claims made under the wrongful death statutes, it is not applicable to the Weigels' claim.

[¶ 12] Second, N.D.C.C. § 28–01–26.1 provides for survival actions: "No action or claim for relief, except for breach of promise, alienation of affections, libel, and slander, abates by the death of a party or of a person who might have been a party had such death not occurred." For example, in *Nodak Mut. Ins. Co. v. Stegman*, 2002 ND 113, ¶ 2, 647 N.W.2d 133, an individual was seriously injured in an automobile accident. He underwent hospital treatment, but died · approximately two weeks later. *Id.* This Court stated, "Clearly a personal injury action existed on behalf of [the injured party] against [the tortfeasor] for various damages, including the medical expenses occasioned by the accident, and that action survived [the injured party's] death." *Id.* at ¶ 15. Survival statutes "are remedial in nature, and are intended to permit recovery by the representatives of the deceased for dam-

ages the deceased could have recovered had he lived. . . . A survival action merely continues in existence an injured person's claim after death as an asset of his estate." *Sheets v. Graco, Inc.*, 292 N.W.2d 63, 66–67 (N.D.1980). Although they could have, the Weigels' complaint indicates they are not seeking damages on Rogers' behalf as part of a survival action. Instead, the Weigels brought a wrongful death action for their own injuries: "The Plaintiffs have sustained mental and emotional anguish as a result of the Defendants' negligence and their mother's death. Furthermore, the Plaintiffs have been denied the society, comfort, counsel and companionship of Darlyne Rogers, all to their injury and damage."

[¶ 13] Third, N.D.C.C. ch. 32–21 provides for wrongful death actions. The Weigels offer the wrongful death act as the legal basis for their claim. We conclude the Weigels are entitled to seek compensation for Rogers' wrongful death for the reasons stated below.

[¶ 14] There was no wrongful death claim at common law. *Satterberg v. Minneapolis, St. P. & S.S.M. Ry. Co.*, 19 N.D. 38, 40, 121 N.W. 70, 71 (1909). Early wrongful death statutes severely limited compensable damages. *E.g., Haug v. Railway Co.*, 8 N.D. 23, 32, 77 N.W. 97, 101 (1898). Generally, only pecuniary losses were awarded, with no compensation available for mental anguish or loss of companionship. *Id.* Contemporary wrongful death statutes tend to address a broader scope of injuries, including those considered non-pecuniary.

"Wrongful death actions are intended to compensate the survivors of the deceased for the losses they have sustained as a result of a wrongful killing. Dependent upon the specific statutory language, losses recoverable by survivors in wrongful death actions often include the prospective loss of earnings and contribution; prospective expenses; loss of services; *loss of companionship, comfort, and consortium; and mental anguish and grief.*"

*Sheets*, 292 N.W.2d at 66 (emphasis added).

[¶ 15] North Dakota's wrongful death act, N.D.C.C. ch. 32–21, provides:

"Whenever the death of a person shall be caused by a wrongful act, neglect, or default, and the act, neglect, or default is such as would have entitled the party injured, if death had not ensued, to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation, limited liability company, or company which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or of the tort-feasor, and although the death shall have been caused under such circumstances as amount in law to felony."

N.D.C.C. § 32–21–01. This statute "is not a survival statute intended to increase the estate of the deceased, but its purpose is to give a measure of protection to those persons within a fixed degree of relationship to and dependency on the deceased because of actual injury sustained by them by reason of the wrongful killing of the deceased." *Sheets*, 292 N.W.2d at 65 (quoting *Satterberg*, 19 N.D. at 41, 121 N.W. at 71). Damages under the wrongful death act are "based on the loss suffered by the beneficiaries, and not on the loss sustained by the decedent's estate." *Schneider v. Baisch*, 256 N.W.2d 370, 371–72 (N.D.1977) (limiting recovery "to *the beneficiary's* actual period of survival" (emphasis added)). A jury determines the quantity of damages and "shall give such damages as it finds proportionate to the injury resulting from the death to the per-

sons entitled to the recovery." N.D.C.C. § 32–21–02.

[¶ 16] Compensable damages available in wrongful death actions are enumerated in N.D.C.C. § 32–03.2–04:

"In any civil action for damages for wrongful death or injury to a person and whether arising out of breach of contract or tort, damages may be awarded by the trier of fact as follows:

1. Compensation for economic damages, which are damages arising from medical expenses and medical care, rehabilitation services, custodial care, loss of earnings and earning capacity, loss of income or support, burial costs, cost of substitute domestic services, loss of employment or business or employment opportunities and other monetary losses.

2. Compensation for noneconomic damages, which are damages arising from pain, suffering, inconvenience, physical impairment, disfigurement, *mental anguish,* emotional distress, fear of injury, loss or illness, *loss of society and companionship, loss of consortium,* injury to reputation, humiliation, and other nonpecuniary damage."

(Emphasis added.)

[¶ 17] Section 32–21–04, N.D.C.C., clarifies that intended recipients of damages under the wrongful death act are "the decedent's heirs at law." This Court has determined "heirs at law" for purposes of this statute are "those persons who by the laws of descent would succeed to the property of the decedent in case of intestacy, but in addition, that if members of a preferred class are precluded from recovery for reasons other than death those next entitled to inherit may be considered beneficiaries." *Broderson v. Boehm,* 253 N.W.2d 864, 869 (N.D.1977) (holding collateral heirs may recover only when no recovery is possible by a closer relative). A decedent's descendants are designated by the Uniform Probate Code to share in portions of the intestate estate and are therefore able to seek recovery of damages under the wrongful death act. *See* N.D.C.C. § 30.1–04–03.

[¶ 18] Persons entitled to recover damages under the wrongful death act should not be confused with persons statutorily authorized to bring an action. Section 32–21–03, N.D.C.C., states:

"The action shall be brought by the following persons in the order named:

1. The surviving husband or wife, if any.

2. The surviving children, if any.

3. The surviving mother or father.

4. A surviving grandparent.

5. The personal representative.

6. A person who has had primary physical custody of the decedent before the wrongful act.

"If any person entitled to bring the action refuses or neglects so to do for a period of thirty days after demand of the person next in order, that person may bring the action."

The distinction between persons eligible to seek damages from wrongful death actions and those entitled to bring such actions is important because the trial judge is charged with splitting the recovery among eligible heirs. Section 32–21–04, N.D.C.C., states:

"The amount recovered shall not be liable for the debts of the decedent, but shall inure to the *exclusive benefit of the decedent's heirs at law in such shares as the judge before whom the case is tried shall fix in the order for judgment, and for the purpose of determining such shares, the judge after the trial may*

*make any investigation which the judge deems necessary.*"

(Emphasis added.) In specific wrongful death actions, overlap will likely exist between plaintiffs bringing the action under N.D.C.C. § 32–21–03 and those entitled to any damages. However, those with authority to bring the action do "not have an absolute right to the damages recovered, and, instead, bring[ ] the action in a representative capacity for the exclusive benefit of the persons entitled to recover." *Goodleft v. Gullickson,* 556 N.W.2d 303, 306 (N.D.1996). The wrongful death act "thus differentiate[s] between the capacity to bring an action and the right to share in the damages recovered." *Id.* at 306–07; *see also* N.D.C.C. § 32–21–06 ("The person entitled to bring the action may compromise the same, or the right thereto, and such compromise shall be binding upon all persons authorized to bring the action or to share in the recovery."). Surviving children are eligible to bring a wrongful death action under N.D.C.C. § 32–21–03(2) if the decedent had no eligible spouse or if the spouse fails to bring an action for thirty days after the children made a demand. But this issue is separate from the children's ability to recover damages in a wrongful death action.

[¶ 19] Because the wrongful death act does not exclude the decedent's children from parties entitled to damages and because the damages requested are permitted under N.D.C.C. § 32–03.2–04, the Weigels' claim should not have been dismissed.

### III

[¶ 20] We conclude a decedent's children are entitled to seek recovery of damages in a wrongful death action and this case was improperly dismissed. We reverse the district court's judgment and remand for further proceedings.

[¶ 21] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.